EXHIBIT 1

SUPREME COURT
STATE OF NEW YORK          COUNTY OF JEFFERSON

---

RICHARD CONVERSE                                    *Index #*
STEPHANIE CONVERSE

                                    *Plaintiffs*

          -against-

                                                    **SUMMONS**

STATE FARM FIRE AND CASUALTY
COMPANY

                                    *Defendants*

---

      Plaintiff brings this action in the County of Jefferson because the business contracted between the two parties above occurred in this county, and Plaintiff's property which is subject to this matter is located in this county.

      To Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your answer, or, if the Verified Complaint is not served with this Summons, to serve a Notice of Appearance on Plaintiff's attorney within 20 days after the service of this Summons, exclusive the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York) and in case of your failure to appear or answer, judgment will be taken by default for the relief demanded in the Complaint

DATED:     March 22, 2021
          Syracuse, New York          */s/Ryan L. McCarthy*
                                           Ryan L. McCarthy, Esq.
                                         WESTFALL LAW PLLC
                                       *Attorneys for Plaintiffs*
                                       247 W. Fayette Street, Suite 203
                                       Syracuse, New York 13202
                                       (315) 412-0440
                                       RMCCarthy@WestfallLaw.com

CC: Defendants

1

SUPREME COURT
STATE OF NEW YORK        COUNTY OF JEFFERSON

_____

RICHARD CONVERSE                                         *Index #*
STEPHANIE CONVERSE

                                            *Plaintiffs*

            -against-
                                                         **COMPLAINT**

STATE FARM FIRE AND CASUALTY
COMPANY

                                            *Defendants*

_____

## **COMPLAINT**

Plaintiffs, Richard Converse, and Stephanie Converse, complaining of State Farm Fire and Casualty Company, by and through their attorneys WESTFALL LAW PLLC, respectfully alleges as following:

## **PRELIMINARY STATEMENT**

Plaintiffs, Richard Converse, and Stephanie Converse allege that Defendant State Farm Fire and Casualty Company breached the mutually agreed upon contract between parties by improperly denying their insurance claim on their property, which suffered a fire on December 08, 2019.

## **PARTIES**

1.      At all times relevant hereto, Plaintiffs Richard Converse and Stephanie Converse are joint homeowners of 442 Flower Avenue East, Watertown, New York 13601.

1

2.      At all times relevant hereto, Defendant State Farm Fire and Casualty Company is a mutual insurance company with, upon information and belief, its principal place of business located at One State Farm Plaza, Bloomington, Illinois, 61710.

## JURISDICTION AND VENUE

3.      Pursuant to CPLR § 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent...transacts any business within the state or contracts anywhere to supply goods or services in the state."

4.      Pursuant to NY CLS Ins § 1101(b)(1)(A), "...any of the following acts in the state, effected by mail from outside this state or otherwise...shall constitute doing business in the state within the meaning of section 302 of the civil practice rules...[including] making, or proposing to make, as insurer, any insurance contract, including either insurance or delivery of a policy or contract of insurance to a resident of this state, or to any firm, association, or corporation authorized to do business herein..."

5.      Defendant, who has agents throughout the State of New York, entered a contract with Plaintiff to insure Plaintiffs' property located within the State of New York, attached hereto as Exhibit A.

6.      As such, the instant action is within the jurisdiction of this Court pursuant to CPLR § 302(a)(1) and NY Insurance Law §1101(b)(1)(A).

7.      Pursuant to CPLR § 503, "except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of the parties then resided in the state, in any county designated by the plaintiff."

2

8.      A substantial part of the events giving rise to the below-referenced claims occurred in Jefferson County, New York. The property which gave rise to the claim in question was in Jefferson County, and as such, a substantial part of the events occurred in that county.

9.      Therefore, the venue of the Supreme Court of Jefferson County is proper for the instant matter.

## **BACKGROUND**

### *The Insurance Policy*

10.      On October 31, 2019, Plaintiffs renewed their homeowner's insurance policy through Defendants for Plaintiff's property at 442 Flower Avenue East, Watertown, New York 13601 (hereinafter "the property").

11.      The property is owned and operated by both Plaintiffs as an apartment complex, where Plaintiffs are landlords.  For all times relevant in this Action, Stephanie Converse has been primarily responsible for the property management obligations at the Property.

12.      The insurance policy contract between Plaintiffs and Defendant covered the property for the dwelling ($262,400.00 Limit for Liability), other structures ($26,240.00 Limit for Liability), personal property ($196,800.00 Limit for Liability), loss of use ($78,720.00 Limit for Liability), and fungus limited coverage ($20,000.00 Limit for Liability). A copy of the Declarations Page of the Insurance Policy is attached hereto as part of Exhibit A.

13.      Additionally, the insurance policy covered personal liability ($100,000.00 for Each Occurrence) and damage to the property of others ($1,000.00).

14.      In exchange for this coverage, Plaintiffs agreed to pay an Annual Premium of $1,014.00.

15.      The policy was renewed for one year, expiring on October 31, 2020.

3

Case 5:21-cv-00457-TJM-ATB   Document 2   Filed 04/23/21   Page 6 of 46

*The Fire*

16.     On December 8, 2019, a fire broke out at the property which caused serious damage to the property and rendered the property unlivable.

17.     The Watertown Fire Department, among others, responded to the fire and eventually extinguished the flames. Thankfully, due to actively working fire detectors, tenants of the building were able to exit before any major injuries or casualties occurred.

18.     Following the extinguishing of the blaze, the Watertown Fire Department issued a report that demonstrated that the cause of the ignition was a cigarette that was inadvertently thrown in the trash. The report went on to confirm that the cause of the ignition was "unintentional" and when asked if there were human factors contributing to ignition, the report stated that there were "none." A copy of the fire report is attached hereto as Exhibit B.

*Plaintiff's Insurance Claim*

19.     On December 11, 2019, as was their legal right as insured homeowners under their insurance policy with Defendant, Plaintiffs filed an insurance claim with Defendant.

20.     As is required by Plaintiffs' insurance claim with Defendant, Plaintiffs began cooperating with Defendants on December 11, 2019 to assist in Defendant's investigation of Plaintiffs' claim. Plaintiffs' cooperation included a December 11, 2019 interview with Defendant's agent Julio Loarca regarding the claim.

21.     Plaintiffs also fully cooperated by participating in an Examination Under Oath, which was conducted on March 13, 2020 after being originally scheduled for January 9, 2020.

22.     Prior to the Examination Under Oath, Plaintiff Stephanie Converse retained legal counsel, who, among other tasks, assisted in the production of the information contained in the

"Proof of Loss" for the fire. Upon information and belief, there was a continuous open line of communication between Plaintiffs and Defendant with respect to the investigation into this claim.

23.     At no point did Plaintiffs refuse to comply with aspects of Defendant's investigation and provided as much information as possible throughout the process.

24.     Upon information and belief, Defendant also obtained or were able to obtain police and fire reports associated with the claim, none of which declared any intent occurred in ignition of the fire.

25.     More specifically, the Watertown Fire Department issued a report that demonstrated that the cause of the ignition was a cigarette that was inadvertently thrown in the trash. The report went on to confirm that the cause of the ignition was "unintentional" and when asked if there were human factors contributing to ignition, the report stated that there were "none."

26.     On October 7, 2020, almost 11 months to the day after the fire occurred, Defendant denied Plaintiffs' claim in its entirety, alleging that Plaintiff had breached three terms of the insurance policy. A copy of the denial letter is attached hereto as Exhibit C.

27.     Since receiving this letter, Plaintiffs, through their attorneys, have attempted to uncover what specific actions are alleged to have violated the insurance policy, but Defendant has not responded to any of these requests.

## DAMAGES

28.     As a result of Defendant's bad faith in denying Plaintiffs' insurance claims, Plaintiffs has suffered damages.

29.     Plaintiffs lost full use of their property because of the blaze and denial of insurance claims by Defendant. Plaintiffs had utilized a mortgage to pay for the home, which is a covered loss under the insurance policy. At the time of the fire on December 19, 2019, Plaintiffs had an

FILED: JEFFERSON COUNTY CLERK 03/22/2021 02:27 PM          INDEX NO. EF2021-00000650
NYSCEF DOC. NO. 2          RECEIVED NYSCEF: 03/22/2021

Case 5:21-cv-00457-TJM-ATB   Document 2   Filed 04/23/21   Page 8 of 46

outstanding principal balance of $106,072.19 on the mortgage. Defendant, inexplicably, failed to pay the mortgage until March 4, 2021.

30.     Under the terms of the insurance policy, Plaintiffs are entitled to the fair market value of the Property at the time of loss, less any payoff to the mortgage lender. Upon information and belief, the fair market value of the Property as of December 19, 2019 was $150,000.00; however, the exact value, and thus Plaintiff's damages, should be determined upon inquest by this Court.

31.     Plaintiffs utilized the location for two apartments, both of which were occupied by tenants at the time of the fire. The tenants paid $900.00 and $850.00 per month respectively, resulting in $19,250.00 in Loss of Use of Rental Income annually. Plaintiffs demand payment of the lost rent from December 29, 2019 until the date of judgment in this matter.

32.     Additionally, Plaintiffs lost a substantial amount of personal property in the fire, which included, among other things, furniture and appliances for both apartments, washers and dryers in each apartment, as well as a snowblower that could not be recovered from the fire. Upon information and belief, the total cost of all these personal property items is approximately $10,000.00 is a covered loss under the insurance policy.

33.     Lastly, Plaintiffs are responsible for debris removal and other clean-up work on the property, which is a covered loss. Upon information and belief, Plaintiffs estimate that the debris removal and renovations to make the property usable once more will cost approximately $50,000.00. The City of Watertown Code Enforcement has, fortunately, not issued any citations, but the property is, upon information and belief, in violation of the building code. Any further delays in the debris removal and clean-up will likely lead to the City of Watertown taking unilateral

6

action, which may include condemning the property and asserting a lien for the cost of any such

unilateral action.

34.     In sum, Plaintiff's total insured claims are approximately $229,2500.00 in losses

that are all covered under the insurance policy. These losses are included, but not limited to: fair

market value of the property at the time the fire occurred, personal property that was lost in the

blaze, loss of use of the building, and debris removal as required by the City of Watertown.

35.     In addition to the above losses that were covered under the insurance policy, due to

Defendant's unjustifiable delay and denial of the insurance claim, Plaintiffs are also seeking

damages beyond the scope of the insurance policy in an amount to be determined upon inquest.

This includes, but is not limited to: interest, late fees, taxes, and other associated costs with the

mortgage, attorneys' fees, potential additional costs incurred by debris removal being delayed over

one year, potential fees and penalties incurred by Plaintiffs from the City of Watertown for delays

in debris removal, and any additional costs that Plaintiffs may have incurred as a result of

Defendant's improper actions. These aforementioned losses that are outside the scope of the

insurance policy should not be deducted from the covered losses under the insurance policy, as

these are additional losses that Plaintiff was forced to incur because of Defendant's unjustifiable

delay and denial.

### AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

36.     Plaintiff repeats and realleges each and every allegation above as if fully set herein.

37.     Upon information and belief Defendant breached the terms of the contract (the

insurance policy) with Plaintiffs by denying coverage for the losses sustained by Plaintiffs because

of the December 8, 2019 fire.

7

38.     Plaintiffs fully cooperated with Defendant in their investigation of the claims, the Proof of Loss forms, the Examination Under Oath, and all other requests made by Defendant to Plaintiffs.

39.     The reasons for the denial (see Exhibit C) are spurious and unsupported by any evidence.

40.     Therefore, Defendant has breached its contract with Plaintiff, resulting in the monetary damages, as set forth above, and to be determined upon inquest by this Court.

### AS AND FOR A SECOND CAUSE OF ACTION
### AS AGAINST DEFENDANT FOR DECLARATORY JUDGMENT

41.     Plaintiffs repeats and realleges each and every allegation above as if fully set herein.

42.     Plaintiffs bring this action for declaratory judgment to clarify and settle the respective legal rights and obligations of the parties in this action, prevent any further wasteful actions by either party, or preserve Plaintiffs legal rights.

43.     Plaintiffs, in good faith, have fully cooperated with Defendants regarding Defendants' investigation into the fire on December 8, 2019 and Plaintiffs' ensuing insurance claim under their homeowner's insurance policy.

44.     Based on the Denial Letter (See Exhibit C), there is a controversy or dispute regarding the meaning of the terms of the insurance policy relevant to this matter.

45.     Pursuant to CPLR § 3001, this Court has jurisdiction to resolve the respective rights and legal obligations of the Parties.

### AS AND FOR A THIRD CAUSE OF ACTION
### AS AGAINST DEFENDANT FOR PUNITIVE DAMAGES AND BREACH OF THE COVENANT OF
### GOOD FAITH AND FAIR DEALING

46.     Plaintiffs repeats and reallege the above allegations as if fully set forth herein.

8

Case 5:21-cv-00457-TJM-ATB Document 2 Filed 04/23/21 Page 11 of 46

47. Plaintiffs bring this separate third claim against Defendants for their handling of the claims submitted by Plaintiffs and conduct surrounding this claims that demonstrates a willful disregard for Plaintiff's rights.

48. To the extent that the statutory claim for deceptive business practices, under NY GBL § 349(a), may apply to these facts, Plaintiffs reserve the right to bring an action under this statute. As of the date of this Complaint, Plaintiffs are not in possession of any specific information or belief to allege with sufficient clarity that the Defendant deceptively induced Plaintiffs into entering the insurance policy; rather this Third Cause of Action relates to Defendant's conduct in processing Plaintiff's claim under the policy.

49. However, Plaintiff, as with any other insured on an insurance contract, relied on the representations of Defendant that they would process and handle claims fairly and without malice, which did not happen in this matter.

50. Furthermore, Plaintiffs understand that there is no private cause of action under N.Y. Ins. Law § 2601(a). However, Plaintiff, and any other insured on an insurance contract, were assured that Defendant would not process claims in violation of law and the stated public policy of New York State.

51. Plaintiff has tried to avail itself of the protections of the New York Department of Financial Services, for clear and wanton violations of N.Y. Ins. Law §2601 by Defendant in processing the claims herein. Plaintiff submitted the following complaint form attached hereto as Exhibit D.

52. Upon information and belief, Defendant made willful and intentional misrepresentations about Plaintiffs to the New York Department of Financial Services in response

9

to the complaint filed by Plaintiff.  A copy of the letter from Defendant to the New York Department of Financial Services is attached hereto as Exhibit E.

53.     Upon information and belief, the New York Department of Financial Services declined to take any action for the clear and obvious violations because of the willful and intentional misrepresentations made by Defendant about Plaintiff.  The New York Department of Financial Services' correspondence declining action is attached hereto as Exhibit F.

54.     While the legislative intent behind Insurance Law §2601 and its restriction of private causes of action is legitimate, permitting Defendant, or other insurance companies, to manipulate the executive branch through manipulation serves to undermine that legitimate legislative intent and the clear public policy goals of the statute.  In particular, Plaintiffs, or other insureds who are subject to illegal claims handling processes in New York, ought to have some recourse for wrongs done to them.

55.     Furthermore, as a matter of public policy, punitive damages serve as the last and final deterrent to Defendant, or other insurance companies, who lie and deceive as a way to minimize their obligations to pay out legitimate claims and/or escape prosecution for illegal claims handling policies.

WHEREFORE, Plaintiffs respectfully request judgment in favor of Plaintiff and as against Defendants in an amount to be determined by the Court; for the attorneys' fees and costs of this action; for a pre-judgment award of interest on Plaintiffs' damages, for punitive damages against Defendant, and for such other and further relief as this Court may deem just and proper.

DATED:

Syracuse, New York

*/s/Ryan L. McCarthy*
Ryan L. McCarthy, Esq.
WESTFALL LAW PLLC
*Attorneys for Plaintiffs*

10

Case 5:21-cv-00457-TJM-ATB   Document 2   Filed 04/23/21   Page 13 of 46

247 W. Fayette Street, Suite 203
Syracuse, New York 13202
(315) 412-0440
RMCCarthy@WestfallLaw.com

11

## ATTORNEY VERIFICATION

Ryan L. McCarthy, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at Westfall Law PLLC, attorneys for the Complainants Richard Converse and Stephanie Converse, in the above-entitled action. I have read the foregoing Complaint and know the contents thereof, and the same is true to my knowledge, except those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records and other pertinent information contained in my files.

I make the foregoing Verification because Complainants do not reside in the county or state in which I maintain my offices.

/ S / Ryan L. McCarthy

Ryan L. McCarthy, Esq.

# Exhibit A

&. **State Farm**

109 State Farm Place
Ballston Spa, NY 12020-9000

ATT H-28-1670-FBC3 F H W
006724 3200
RICHARD S CONVERSE
328 DAVIS RD
FAIRFIELD CT   06825-2639

Claim #
# 57-03L1-452

# RENEWAL DECLARATIONS

**AMOUNT DUE:**                              None
Payment is due by  PAID BY SPECIFIED PARTY

**Policy Number:**   32 BS-T435 1

**Policy Period:**   12 Months
**Effective Dates:** OCT 31 2019 to OCT 31 2020
The policy period begins and ends at 12:01 am standard
time at the residence premises.

**Homeowners Policy**

**Location of Residence Premises**
442 FLOWER AVE E
WATERTOWN NY
13601-3402

**Your State Farm Agent**
LAURA PENAZEK-WHITNEY
881 COFFEEN ST
WATERTOWN NY      13601-2316

Phone: (315) 788-0041

**Construction:**        Frame
**Year Built:**          1900

**Automatic Renewal**

If the **POLICY PERIOD** is shown as **12 MONTHS**, this policy will be renewed automatically subject to the premiums, rules,
and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lien-
holder written notice in compliance with the policy provisions or as required by law.

**IMPORTANT MESSAGES**

Zone: 16   Subzone: 12
Protection Class: 7
Please help us update the data used to determine your premium. Contact your agent with the year each of
your home's utilities (heating/cooling, plumbing, or electrical) and roof were last updated.

**PREMIUM**

Annual Premium                                                               $1,014.00
*Your premium has already been adjusted by the following.*
Lead Poison Excl

**Total Premium**                                                           $1,014.00

Prepared  SEP 09 2019
H-0-2000
534505  52D
N

*Thanks for letting us serve you. We appreciate our long term customers.*

Page 1 of 3
1h1470094  04 24 2015



| NAMED INSURED | MORTGAGEE AND ADDITIONAL INTERESTS | |
|---|---|---|
| CONVERSE, STEPHANIE J | **Mortgagee**<br>LAKEVIEW LOAN SERVICING LLC<br>ISAOA/ATIMA<br>C/O LOANCARE<br>PO BOX 202049<br>FLORENCE SC 29502-2049 | Loan Number:<br>0025027632 |
| | **Additional Insured**<br>RICHARD S CONVERSE<br>328 DAVIS RD<br>FAIRFIELD CT 06825-2639 | Loan Number:<br>N/A |

## SECTION I - PROPERTY COVERAGES AND LIMITS

| Coverage | | Limit of Liability |
|---|---|---|
| A Dwelling | $ | 262,400 |
| Other Structures | $ | 26,240 |
| Building Ordinance/Law - 10% | $ | 26,240 |
| B Personal Property | $ | 196,800 |
| C Loss of Use | $ | 78,720 |
| Fungus (including Mold) Limited Coverage | $ | 20,000 |

**Additional Coverages**

| | |
|---|---|
| Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money | $1,000 |
| Debris Removal | Additional 5% available/$1,000 tree debris |
| Fire Department Service Charge | $500 per occurrence |
| Fuel Oil Release | $10,000 |
| Locks and Remote Devices | $1,000 |
| Trees, Shrubs, and Landscaping | 5% of Coverage A amount/$750 per item |

## SECTION II - LIABILITY COVERAGES AND LIMITS

| Coverage | | Limit of Liability |
|---|---|---|
| L Personal Liability (Each Occurrence) | $ | 100,000 |
| Damage to the Property of Others | $ | 1,000 |
| M Medical Payments to Others (Each Person) | $ | 1,000 |

## INFLATION

Inflation Coverage Index: 262.8

## DEDUCTIBLES

| Section I Deductible | | Deductible Amount |
|---|---|---|
| All Losses 1/2% | $ | 1,312 |

## LOSS SETTLEMENT PROVISIONS

A1 Replacement Cost - Similar Construction
B1 Limited Replacement Cost - Coverage B

**32-BS-T435-1**



## FORMS, OPTIONS, AND ENDORSEMENTS

| | |
|---|---|
| HW-2132 | Homeowners Policy |
| Option Al | Additional Insured |
| Option JF | Jewelry and Furs $1,500 Each |
| | Article/$2,500 Aggregate |
| HO-2687 | Work Comp Select Residence Emp |
| HO-2444 | Back-Up Of Sewer Or Drain - |
| | 5% of Coverage A/$ 13,120 |

## ADDITIONAL MESSAGES

State Farm® works hard to offer you the best combination of price, service, and protection. The amount you pay for homeowners insurance is determined by many factors such as the coverages you have, the type of construction, the likelihood of future claims, and information from consumers reports.

### Other limits and exclusions may apply - refer to your policy

Your policy consists of these Declarations, the Homeowners Policy shown above, and any other forms and endorsements that apply, including those shown above as well as those issued subsequent to the issuance of this policy.

This policy is issued by the State Farm Fire and Casualty Company.

### Participating Policy

You are entitled to participate in a distribution of the earnings of the company as determined by our Board of Directors in accordance with the Company's Articles of Incorporation, as amended.

In Witness Whereof, the State Farm Fire and Casualty Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Youell*
Secretary

*Michael F. Tipsord*
President



# Exhibit B

# FIRE INCIDENT REPORT

## REQUEST FORM

**REQUESTED BY** _Stephanie Converse_

**COMPANY NAME** *(IF APPLICABLE)* _____

**CURRENT ADDRESS OF REQUESTING PERSON OR COMPANY**

_____

_____

**TELEPHONE** 1-239-961-3947

**FAX** _____

**EMAIL** Sjconverse29 @ gmail . com

**INCIDENT LOCATION** Flower Ave E. 442

**INCIDENT DATE** 12/8/2019

| **OFFICIAL USE** | |
|---|---|
| Request Received by | SARA G. |
| Date of Request | 3/4/20 |
| Incident # | 19-0003959 |
| Approved by | MI |

**INCIDENT TYPE**
- ☒ STRUCTURAL
- ☐ VEHICLE
- ☐ OTHER

**REQUESTING PERSON**
- ☒ OWNER
- ☐ TENANT
- ☐ INSURANCE REP
- ☐ OTHER

**RECEIVING REQUEST** *via*
- ☐ IN PERSON
- ☒ EMAIL
- ☐ FAX
- ☐ MAIL

**CITY OF WATERTOWN, NY**
**FIRE DEPARTMENT**
224 S. MASSEY STREET
WATERTOWN, NY 13601
TEL (315) 785-7800
FAX (315) 785-7821



| 23047 | NY | 12 | 08 | 2019 | 19-0003959 | | Basic |
|---|---|---|---|---|---|---|---|
| FDID ★ | State ★ | Incident Date ★ | | | Station | Incident Number | Exposure ★ | No Activity | Change |

## B  Location★

☐ Check this box to indicate that the address for this incident is provided on the Wildland Fire Module in Section B "Alternative Location Specification". Use only for Wildland fires.    Census Tract [ ] - [ ]

- [X] Street address
- [ ] Intersection
- [ ] In front of
- [ ] Rear of
- [ ] Adjacent to
- [ ] Directions

| 442 | | FLOWER | | AVE | E |
|---|---|---|---|---|---|
| Number/Milepost | Prefix | Street or Highway | | Street Type | Suffix |

| Watertown | | NY | 13601 | - |
|---|---|---|---|---|
| Apt./Suite/Room | City | State | Zip Code | |

Cross street or directions, as applicable

## C  Incident Type ★

| 111 | Building fire |
|---|---|
| Incident Type | |

## D  Aid Given or Received★

1 ☐ Mutual aid received
2 ☐ Automatic aid recv.
3 [X] Mutual aid given
4 ☐ Automatic aid given
5 ☐ Other aid given
N ☐ None

| 23009 | NY |
|---|---|
| Their FDID | Their State |

| | |
|---|---|
| | Their Incident Number |

## E1  Date & Times

Midnight is 0000

Check boxes if dates are the same as Alarm Date.

ALARM always required

| | Month | Day | Year | Hr Min Sec |
|---|---|---|---|---|
| Alarm ★ | 12 | 08 | 2019 | 12:48:41 |

ARRIVAL required, unless canceled or did not arrive

| [X] Arrival ★ | 12 | 08 | 2019 | 12:51:31 |
|---|---|---|---|---|

CONTROLLED Optional, Except for wildland fires

☐ Controlled | | | |

LAST UNIT CLEARED, required except for wildland fires

| [X] Last Unit Cleared | 12 | 08 | 2019 | 17:08:56 |
|---|---|---|---|---|

## E2  Shift & Alarms

Local Option

| C | | 2 |
|---|---|---|
| Shift or Platoon | Alarms | District |

## E3  Special Studies

Local Option

| | |
|---|---|
| Special Study ID# | Special Study Value |

## F  Actions Taken ★

| 11 | Extinguishment by fire |
|---|---|
| Primary Action Taken (1) | |

| 14A | Contain fire |
|---|---|
| Additional Action Taken (2) | |

| 12 | Salvage & overhaul |
|---|---|
| Additional Action Taken (3) | |

## G1  Resources ★

☐ Check this box and skip this section if an Apparatus or Personnel form is used.

| | Apparatus | Personnel |
|---|---|---|
| Suppression | 0007 | 0016 |
| EMS | . | |
| Other | . | |

☐ Check box if resource counts include aid received resources.

## G2  Estimated Dollar Losses & Values

LOSSES: Required for all fires if known. Optional for non fires.    None

| | | | | | |
|---|---|---|---|---|---|
| Property $ | | , | 020 | , 000 | ☐ |
| Contents $ | | , | 005 | , 000 | ☐ |

PRE-INCIDENT VALUE:  Optional

| | | | | | |
|---|---|---|---|---|---|
| Property $ | | , | 094 | , 550 | ☐ |
| Contents $ | | , | 030 | , 000 | ☐ |

## Completed Modules

- [X] Fire-2
- [X] Structure-3
- [X] Civil Fire Cas.-4
- [X] Fire Serv. Cas.-5
- [ ] EMS-6
- [ ] HazMat-7
- [ ] Wildland Fire-8
- [X] Apparatus-9
- [X] Personnel-10
- [ ] Arson-11

## H1★ Casualties  ☐None

| | Deaths | Injuries |
|---|---|---|
| Fire Service | | 001 |
| Civilian | | 001 |

## H2  Detector

Required for Confined Fires.

1 ☐ Detector alerted occupants
2 ☐ Detector did not alert them
U ☐ Unknown

## H3  Hazardous Materials Release

N ☐ None
1 ☐ Natural Gas: slow leak, no evacuation or HazMat actions
2 ☐ Propane gas: <21 lb. tank (as in home BBQ grill)
3 ☐ Gasoline: vehicle fuel tank or portable container
4 ☐ Kerosene: fuel burning equipment or portable heater
5 ☐ Diesel fuel/fuel oil: vehicle fuel tank or portable container
6 ☐ Household solvents: home/office spill, cleanup only
7 ☐ Motor oil: from engine or portable container
8 ☐ Paint: from paint cans totaling < 55 gallons
0 ☐ Other: Special HazMat actions required or spill > 55gal., Please complete the HazMat form

## I  Mixed Use Property

- NN ☐ Not Mixed
- 10 ☐ Assembly use
- 20 ☐ Education use
- 33 ☐ Medical use
- 40 ☐ Residential use
- 51 ☐ Row of stores
- 53 ☐ Enclosed mall
- 58 ☐ Bus. & Residential
- 59 ☐ Office use
- 60 ☐ Industrial use
- 63 ☐ Military use
- 65 ☐ Farm use
- 00 ☐ Other mixed use

## J  Property Use★

### Structures

- 131 ☐ Church, place of worship
- 161 ☐ Restaurant or cafeteria
- 162 ☐ Bar/Tavern or nightclub
- 213 ☐ Elementary school or kindergarten
- 215 ☐ High school or junior high
- 241 ☐ College, adult education
- 311 ☐ Care facility for the aged
- 331 ☐ Hospital
- 341 ☐ Clinic, clinic type infirmary
- 342 ☐ Doctor/dentist office
- 361 ☐ Prison or jail, not juvenile
- 419 [X] 1-or 2-family dwelling
- 429 ☐ Multi-family dwelling
- 439 ☐ Rooming/boarding house
- 449 ☐ Commercial hotel or motel
- 459 ☐ Residential, board and care
- 464 ☐ Dormitory/barracks
- 519 ☐ Food and beverage sales
- 539 ☐ Household goods, sales, repairs
- 579 ☐ Motor vehicle/boat sales/repair
- 571 ☐ Gas or service station
- 599 ☐ Business office
- 615 ☐ Electric generating plant
- 629 ☐ Laboratory/science lab
- 700 ☐ Manufacturing plant
- 819 ☐ Livestock/poultry storage(barn)
- 882 ☐ Non-residential parking garage
- 891 ☐ Warehouse

### Outside

- 124 ☐ Playground or park
- 655 ☐ Crops or orchard
- 669 ☐ Forest (timberland)
- 807 ☐ Outdoor storage area
- 919 ☐ Dump or sanitary landfill
- 931 ☐ Open land or field
- 936 ☐ Vacant lot
- 938 ☐ Graded/care for plot of land
- 946 ☐ Lake, river, stream
- 951 ☐ Railroad right of way
- 960 ☐ Other street
- 961 ☐ Highway/divided highway
- 962 ☐ Residential street/driveway
- 981 ☐ Construction site
- 984 ☐ Industrial plant yard

Lookup and enter a Property Use code only if you have NOT checked a Property Use box:

Property Use [ 419 ]

1 or 2 family dwelling

NFIRS-1 Revision 03/11/99

K. Person/Casualty Involved

Local Option | Business name (if applicable) | Area Code | Phone Number

Check This Box if same address as incident location. Then skip the three duplicate address lines.

| | | |
|---|---|---|
| Mr.,Ms., Mrs. First Name **Larkin** | MI | Last Name **Harvey** | Suffix |

Number **444** | Prefix | Street or Highway **E. Flower** | Street Type **ST** | Suffix

Post Office Box | Apt./Suite/Room **Upper** | City **Watertown**

State **NY** | Zip Code **13601** | -

More people involved? Check this box and attach Supplemental Forms (NFIRS-1S) as necessary

---

**K2 Owner**   Same as person involved? Then check this box and skip The rest of this section.

Local Option | Business name (if Applicable) | Area Code | - Phone Number | -

Check this box if same address as incident location. Then skip the three duplicate address lines.

| | | |
|---|---|---|
| Mr.,Ms., Mrs. First Name **Stephanie** | MI | Last Name **Converse** | Suffix |

Number **3910** | Prefix | Street or Highway **Preserve** | Street Type **WAY** | Suffix

Post Office Box | Apt./Suite/Room | City **Estro**

State **FL** | Zip Code **33928** | -

---

**L   Remarks**
Local Option

```
315-955-5883 12/08 12:48:21  092CAUTION:  WIRELESS CALL
WIRELESS-VERIZON(COMTECH)  WPH1    830      WASHINGTON ST
         WATERTOWN               NYCELL = 0722  SECTOR = 1      ^M
         ^MLAT:+043.963878  LON:-075.914250ELV:+00000 COF:0
COP:000MTN:315-511-8621     CPF:VZW  -911ai.com-      ESN:00887Verify PD
         Verify FD                 Verify EMS^M  ^M  ^M  ^M
^M
12:49:03 12/08/2019 - SIPHER E
EVERYONE OUT OF HOUSE
12:49:19 12/08/2019 - SIPHER E
C1 SCREAMING
12:49:42 12/08/2019 - SIPHER E
C1 DOESN'T KNOW WHAT CAUSED
12:50:22 12/08/2019 - SIPHER E
HOUSE IS CLOSE TO NEIGHBORING HOME
12:50:29 12/08/2019 - RIEGER D - From: ORMSBY J
SMOKE FROM QUARTERS
12:50:37 12/08/2019 - SIPHER E
PER C1 ENGULFED
12:50:41 12/08/2019 - RIEGER D - From: ZINGARO J
FRANKLIN ST SIDE
12:51:31 12/08/2019 - RIEGER D - From: ORMSBY J
2 1/2 STORY FRAME RESIDENCE HEAVY FIRE FROM THE REAR STRETCHING LINE
12:52:25 12/08/2019 - RIEGER D - From: HOLLAND JA
HYDRANT 50-100 FEET INFRONT OF E2
```

---

**L   Authorization**

| Officer in charge ID **HOLLAND,JAMES** | Signature **Holland, James R** | Position or rank **BC/EMT** | Assignment | Month **12** | Day **08** | Year **2019** |
|---|---|---|---|---|---|---|

Check Box if same as Officer in charge. [X]

| Member making report ID **HOLLAND,JAMES** | Signature **Holland, James R** | Position or rank **BC/EMT** | Assignment | Month **12** | Day **08** | Year **2019** |
|---|---|---|---|---|---|---|

| FDID | State | Incident Date | Station | Incident Number | Exposure | Complete Narrative |
|---|---|---|---|---|---|---|
| 23047 ★ | ★ | 2019 ★ | | 19-0003959 ★ | ★ | |

**Narrative:**

315-955-5883 12/08 12:48:21 092CAUTION: WIRELESS CALL
WIRELESS-VERIZON(COMTECH)   WPH1      830          WASHINGTON ST
             WATERTOWN                 NYCELL = 0722  SECTOR = 1        ^M
                  ^MLAT:+043.963878  LON:-075.914250ELV:+00000 COF:0
COP:000MTN:315-511-8621      CPF:VZW  -911ai.com-          ESN:00887Verify PD
                  Verify FD                Verify EMS^M  ^M  ^M  ^M
^M
12:49:03 12/08/2019 - SIPHER E
EVERYONE OUT OF HOUSE
12:49:19 12/08/2019 - SIPHER E
C1 SCREAMING
12:49:42 12/08/2019 - SIPHER E
C1 DOESN'T KNOW WHAT CAUSED
12:50:22 12/08/2019 - SIPHER E
HOUSE IS CLOSE TO NEIGHBORING HOME
12:50:29 12/08/2019 - RIEGER D - From: ORMSBY J
SMOKE FROM QUARTERS
12:50:37 12/08/2019 - SIPHER E
PER C1 ENGULFED
12:50:41 12/08/2019 - RIEGER D - From: ZINGARO J
FRANKLIN ST SIDE
12:51:31 12/08/2019 - RIEGER D - From: ORMSBY J
2 1/2 STORY FRAME RESIDENCE HEAVY FIRE FROM THE REAR STRETCHING LINE
12:52:25 12/08/2019 - RIEGER D - From: HOLLAND JA
HYDRANT 50-100 FEET INFRONT OF E2
12:52:44 12/08/2019 - RIEGER D - From: ORMSBY J
BRAVO SIDE 1STR FLOOR 47E2 MAKING ENTRY
12:53:28 12/08/2019 - RIEGER D - From: HOLLAND JA
RECALL B & D RECALL AND CHIEF 1 TO SCENE AND FORT DRUM RIT TO SCENE
12:54:53 12/08/2019 - WILSON M
ft. drum advised
12:55:57 12/08/2019 - RIEGER D
ATTIC TO 2ND FLOOR SEE WHAT THEY HAVE 47E2 FIRE EXTINGUISHED 1ST FLOOR THERE IS
FIRE EVES ON 2ND FLOOR
12:56:55 12/08/2019 - RIEGER D - From: HOLLAND JA
REQ SECOND LINE 47E1
12:57:05 12/08/2019 - WILSON M
water department advised
12:57:09 12/08/2019 - RIEGER D - From: ORMSBY J
TO CHIEF 3 WATER SUPPLY ESTABLISHED
12:58:01 12/08/2019 - RIEGER D
NATR GRID NOTIFIED
12:59:13 12/08/2019 - RIEGER D - From: HOLLAND JA
TO 47E2 INQ ON BASEMENT ENTRANCE
12:59:19 12/08/2019 - SIPHER E
E2 FORT DRUM EN FLOWER AVE
12:59:37 12/08/2019 - SIPHER E
FORT DRUM E2 UNABLE TO REACH BY RADIO
13:00:25 12/08/2019 - RIEGER D - From: ORMSBY J
FOUND 2ND FLOOR STAIRS GOING UP AT THIS TIME

NYSCEF: 23047NO. 4NY 5.21-CV-00457-TJM-ATB   Document 2   15-0003959   Filed 04/23/21   RECEIVED NYSCEF: 03/22/2021
FDID          State      Incident Date        Station        Incident Number        Exposure
Complete
Narrative

**Narrative:**

13:01:27 12/08/2019 - RIEGER D - From: ZINGARO J

TO 47E2 LOCATION OF STAIRS

13:01:28 12/08/2019 - RIEGER D FROM CHIEF 1 HAVE FORT DRUM STAGE AT ACADEMY AND

FLOWER AVE E AND WALK UP TO SCENE

13:03:18 12/08/2019 - RIEGER D

INQ ON B & D PLATOON 3 MP ONLY AT THIS TIME RIEGER SPOKE WITH LYON

13:03:23 12/08/2019 - BURKE J - From: MCADOO M

CONTACT RED CROSS FOR 6 ADULTS

13:04:10 12/08/2019 - RIEGER D - From: ORMSBY J

TO 47E3 TOP OF STAIRS GO TO CHARLIE SIDE 2ND FLOOR HAS FIRE

13:05:08 12/08/2019 - RIEGER D - From: ZINGARO J

TO 4703 2ND FLOOR NO FIRE BELIEVES IN ATTIC GOING TO OPEN

13:06:38 12/08/2019 - SIPHER E

PER CITY FIRE E4 IS

13:07:14 12/08/2019 - RIEGER D - From: HERMAN

HAVE 9 STAGE ACADEMY & FLOWER AVE E AND WALK IN

13:09:06 12/08/2019 - RIEGER D - From: ZINGARO J

HEAD TO ATTIC REQ ATTIC LADDER TO 2ND FLOOR REQ IT PASSED UP BY CARPENTER

THROUGH WINDOW

13:10:01 12/08/2019 - RIEGER D

47E4 I/S

13:10:42 12/08/2019 - RIEGER D

21 MINUTES INTO INCIDENT

13:12:20 12/08/2019 - RIEGER D - From: ZINGARO J

PER 4703 B SIDE GABLE END VENTILATE LESS SMOKE THEN BEFORE STILL ALOT OF SMOKE

PER 47E3 DONT SEE ALOT OF ACTIVE FIRE

13:14:06 12/08/2019 - WILSON M

stephanie converse is the property owner and is on the line 239-961-3947

13:14:39 12/08/2019 - RIEGER D - From: HERMAN

PUT PROPERTY OWNER THROUGH TO HIS CELL

13:14:55 12/08/2019 - WILSON M

patched caller through to chief Herman

13:16:20 12/08/2019 - RIEGER D

TRUCK 2 I/S

13:17:22 12/08/2019 - RIEGER D - From: ZINGARO J

TO 4703 FANS REQUESTED

13:20:41 12/08/2019 - RIEGER D

RADIOES KEYED UP NO VOICE 79 AND 69 JOHANAS AND C GARDNER PER 4703 ALL SET

OUTSIDE

13:24:16 12/08/2019 - RIEGER D

32 MINUTES INTO THE INCIDENT

13:24:29 12/08/2019 - RIEGER D - From: HERMAN

STOP CLOCK

13:31:31 12/08/2019 - RIEGER D

4704  IN SERVICE 1326 HOURS ANY CALLS FOR CITY FIRE CALL STATION 1 AND HE WILL

SEND HIMSELF OR E4 OR T2

13:36:28 12/08/2019 - BURKE J

PER 93 CID NOTIFIED, CALL IN TROTTIER

13:37:08 12/08/2019 - SIPHER E

JOHN NAT GRID - CREW EN ETA 5

| | 23047 | | | 2019 | | 19-0003959 | | | Complete |
|---|---|---|---|---|---|---|---|---|---|
| FDID | ★ | State ★ | Incident Date ★ | Station | Incident Number ★ | Exposure ★ | | | Narrative |

**Narrative:**

13:38:13 12/08/2019 - BURKE J

DET TROTTIER NOTIFIED

13:52:33 12/08/2019 - RIEGER D - From: FORT DRUM FD

9-0-3 AND 9-1-2 CL

13:57:59 12/08/2019 - RIEGER D - From: HOLLAND JA

INQ ON WATER DEPT NOTIFICATION ADVISED NOTIFIED 1257 HOURS

15:21:55 12/08/2019 - PITTS T - From: GIBBS G

AT PSB WITH TRACEY JONES - REQUESTING RED CROSS

15:27:00 12/08/2019 - PITTS T

RED CROSS ANSWERING SERVICE ADVISED

15:37:36 12/08/2019 - PITTS T

RED CROSS PHONE PATCH TO DET GIBBS

15:44:46 12/08/2019 - LUIZ P - From: HOLLAND JA

CH KELLOGG WILL HAVE COMMAND

16:53:13 12/08/2019 - CUMMINGS A

per Chief Herman have RedCross contact this number 3157783664 Tracy Jones

17:04:49 12/08/2019 - PITTS T - From: GIAQUINTO J

REQUEST RED CROSS FOR LARKIN HARVEY

17:07:40 12/08/2019 - PITTS T

RED CROSS ANSWERING SERVICE CONTACTED FOR DET GIAQUINTO

17:17:54 12/08/2019 - CUMMINGS A

Per Scott Kolb -- Tracy Jones is still awaiting a call from Red Cross

17:18:10 12/08/2019 - CUMMINGS A


17:23:27 12/08/2019 - VICKERY J

CONTACTED DPW - BARRACADES ARE READY TO BE PICKED UP

17:26:13 12/08/2019 - LUIZ P - From: KOLB SCOTT

REQ WATER DEPT BE ADVISED OF HYDRANT USED ACROSS FROM 436 FLOWER AV E AND DPW
CAN PICKUP BARRICADES

17:29:34 12/08/2019 - LUIZ P

WATER/DPW NOTIFIED

**FILED: JEFFERSON COUNTY CLERK 03/22/2021 02:27 PM** INDEX NO. EF2021-00000650

NYSCEF 23047 NO. 4 Case 5:21-cv-00045-TJM-ATB Document 4 Filed 04/23/21 Page 26 of 46 NFIRS-2 RECEIVED NYSCEF: 03/22/2021

| FDID ★ | State ★ | Incident Date ★ | Station | Incident Number ★ | Exposure ★ |
|---|---|---|---|---|---|
| 23047 | NY | 12 08 2019 | | 19-0003959 | |

## B  Property Details

**B1**  ☐ 0002 ☐ Not Residential
*Estimated Number of residential living units in building of origin whether or not all units became involved*

**B2**  ☐ 001 ☐ Buildings not involved
Number of buildings involved

**B3**  ☐ ☐ None
Acres burned
(outside fires) ☐ Less than one acre

## C  On-Site Materials ☐None
or Products

*Complete if there were any significant amounts of commercial,industrial, energy or agricultural products or materials on the Property, whether or not they became involved*

Enter up to three codes. Check one or more boxes for each code entered.

On-site material (1)
1 ☐ Bulk storage or warehousing
2 ☐ Processing or manufacturing
3 ☐ Packaged goods for sale
4 ☐ Repair or service

On-site material (2)
1 ☐ Bulk storage or warehousing
2 ☐ Processing or manufacturing
3 ☐ Packaged goods for sale
4 ☐ Repair or service

On-site material (3)
1 ☐ Bulk storage or warehousing
2 ☐ Processing or manufacturing
3 ☐ Packaged goods for sale
4 ☐ Repair or service

## D  Ignition

**D1** ☐ 71 ☐ Substructure area or
Area of fire origin ★

**D2** ☐ 61 ☐ Cigarette
Heat source ★

**D3** ☐ 96 ☐ Rubbish, trash, waste
Item first ignited ★ ☐ 1 ☐ Check Box if fire spread was confined to object of origin

**D4** ☐ 67 ☐ Paper, including
Type of material first ignited     Required only if item first ignited code is 00 or <70

## E1  Cause of Ignition

☐ Check box if this is an exposure report. Skip to section G

1 ☐ Intentional
2 ☒ Unintentional
3 ☐ Failure of equipment or heat source
4 ☐ Act of nature
5 ☐ Cause under investigation
U ☐ Cause undetermined after investigation

## E2  Factors Contributing To Ignition

☐ UU ☐ Undetermined                ☒None
Factor Contributing To Ignition (1)

Factor Contributing To Ignition (2)

## E3  Human Factors
Contributing To Ignition

Check all applicable boxes

1 ☐ Asleep                      ☒ None
2 ☐ Possibly impaired by alcohol or drugs
3 ☐ Unattended person
4 ☐ Possibly mental disabled
5 ☐ Physically Disabled
6 ☐ Multiple persons involved

7 ☐ Age was a factor
Estimated age of person envolved ☐

1 ☐ Male         2 ☐ Female

## F1  Equipment Involved In Ignition

☐ None If Equipment was not involved,Skip to Section G

Equipment Involved

Brand

Model

Serial #

Year

## F2  Equipment Power

Equipment Power Source

## F3  Equipment Portability

1 ☐ Portable

2 ☐ Stationary

Portable equipment normally can be moved by one person, is designed to be use in multiple locations, and requires no tools to install.

## G  Fire Suppression Factors

Enter up to three codes.          ☐None

Fire suppression factor (1)

Fire suppression factor (2)

Fire suppression factor (3)

## H1  Mobile Property Involved

☐ None

1 ☐ Not involved in ignition, but burned
2 ☐ Involved in ignition, but did not burn
3 ☐ Involved in ignition and burned

## H2  Mobile Property Type & Make

Mobile property type

Mobile property make

Moblie property model                    Year

License Plate Number    State   VIN Number

## Local Use

☐ Pre-Fire Plan Available
Some of the information presented in this report may be based upon reports from other Agencies

☐ Arson report attached
☐ Police report attached
☐ Coroner report attached
☐ Other reports attached

NFIRS-2 Revision 01/19/99

INDEX NO. EF2021-00000650

NFIRS-3
Structure
Fire

**Structure Type** Describe NO in enclosed building or a portable/mobile structure complete the rest of this form

1. [X] Enclosed Building
2. [ ] Portable/mobile structure
3. [ ] Open structure
4. [ ] Air supported structure
5. [ ] Tent
6. [ ] Open platform (e.g. piers)
7. [ ] Underground structure (work areas)
8. [ ] Connective structure (e.g. fences)
0. [ ] Other type of structure

**Structure Status**

1. [ ] Under construction
2. [X] Occupied & operating
3. [ ] Idle, not routinely used
4. [ ] Under major renovation
5. [ ] Vacant and secured
6. [ ] Vacant and unsecured
7. [ ] Being demolished
0. [ ] Other
U. [ ] Undetermined

**Building Height**
Count the ROOF as part of the highest story

002 Total number of stories at or above grade

001 Total number of stories below grade

Total square feet
___ , _001_ , _624_

**OR**

___ , ___ BY ___ , ___
Lenght in feet     Width in feet

---

**J1  Fire Origin ★**

_001_   [X] Below Grade
Story of fire origin

**J2  Fire Spread ★**

1. [ ] Confined to object of origin
2. [ ] Confined to room of origin
3. [ ] Confined to floor of origin
4. [X] Confined to building of origin
5. [ ] Beyond building of origin

**J3  Number of Stories Damaged By Flame**

Count the ROOF as part of the highest story

_002_ Number of stories w/ minor damage (1 to 24% flame damage)

___ Number of stories w/ significant damage (25 to 49% flame damage)

___ Number of stories w/ heavy damage (50 to 74% flame damage)

___ Number of stories w/ extreme damage (75 to 100% flame damage)

**K  Material Contributing Most To Flame Spread**

[ ] Check if no flame spread OR same as material first ignited OR unable to determine

Skip To Section L

**K1** ___ Item contributing most to flame spread

**K2** ___ Type of material contributing most of flame spread

Required only if item contributing code is 00 or<70

---

**L1  Presence of Detectors ★**
(In area of the fire)

N [ ] None Present    | Skip to section M |

1 [X] Present

U [ ] Undetermined

**L2  Detector Type**

1. [X] Smoke
2. [ ] Heat
3. [ ] Combination smoke - heat
4. [ ] Sprinkler, water flow detection
5. [ ] More than 1 type present
0. [ ] Other ___
U. [ ] Undetermined

**L3  Detector Power Supply**

1. [X] Battery only
2. [ ] Hardwire only
3. [ ] Plug in
4. [ ] Hardwire with battery
5. [ ] Plug in with battery
6. [ ] Mechanical
7. [ ] Multple detectors & power supplies
0. [ ] Other ___
U. [ ] Undetermined

**L4  Detector Operation**

1. [ ] Fire too small to activate
2. [X] Operated (Complete Section L5)
3. [ ] Failed to Operate (Complete Section L6)
U. [ ] Undetermined

**L5  Detector Effectiveness**

Required if detector operated

1. [X] Alerted Occupants, occupants responded
2. [ ] Occupants failed to respond
3. [ ] There were no occupants
4. [ ] Failed to alert occupants
U. [ ] Undetermined

**L6  Detector Failure Reason**

Required if detector failed to operate

1. [ ] Power failure, shutoff or disconnect
2. [ ] Improper installation or placement
3. [ ] Defective
4. [ ] Lack of maintenance, includes cleaning
5. [ ] Battery missing or disconnected
6. [ ] Battery discharged or dead
0. [ ] Other ___
U. [ ] Undetermined

---

**M1 Presence of Automatic Extinguishment System ★**

N [X] None Present

1 [ ] Present    | Complete rest of Section M |

**M2  Type of Automatic Extinguishment System ★**
Required if fire was within designed range of AES

1. [ ] Wet pipe sprinkler
2. [ ] Dry pipe sprinkler
3. [ ] Other sprinkler system
4. [ ] Dry chemical system
5. [ ] Foam system
6. [ ] Halogen type system
7. [ ] Carbon dioxide (CO₂) system
0. [ ] Other special hazard system
U. [ ] Undetermined

**M3  Automatic Extinguishment System Operation**
Required if fire was within designed range

1. [ ] Operated & effective (Go to M4)
2. [ ] Operated & not effective (M4)
3. [ ] Fire too small to activate
4. [ ] Failed to operate (Go to M5)
0. [ ] Other
U. [ ] Undetermined

**M4  Number of Sprinkler Heads Operating**

Required if system operated

___ Number of sprinkler heads operating

**M5  Automatic Extinguishment System Failure Reason**
Required if system failed

1. [ ] System shut off
2. [ ] Not enough agent discharged
3. [ ] Agent discharged but did not reach fire
4. [ ] Wrong type of system
5. [ ] Fire not in area protected
6. [ ] System components damaged
7. [ ] Lack of maintenance
8. [ ] Manual Intervention
0. [ ] Other ___
U. [ ] Undetermined

NFIRS-3 Revision 01/19/99

---

| 23047 | NY | 12 | 8 | 2019 | 2 | 19-0003959 | 000 | Complete |
|-------|-----|-----|-----|------|---|------------|-----|----------|
| FDID | State | Incident Date | | | Station | Incident Number | Exposure | Narrative |

**Narrative:**

E2 reports fire at rear of the building. E2 reports there are no occupants in the building. E2 stretches 1 3/4" handline to the rear of the structure. Chief3 on scene requesting Ft Drum Fire and a recall of 2 platoons. E1 established water supply for E2. R1 searched the lower apartment and found several cats and brought them to the owner. T1 set the Aerial ladder and also set ground ladders to the second floor of the building. E3 took an 1 3/4" back up line to the rear and went to the second floor. After establishing water supply E1 stood by for RIT. E2 and E3 report that the fire is out and that crews are needed for overhaul. All crews including Ft Drum Fire rotated through overhaul until the work was completed. WFD fire investigators and WPD investigators performed the fire investigation, their findings are contained within their report.


315-955-5883 12/08 12:48:21  092CAUTION:  WIRELESS CALL
WIRELESS-VERIZON(COMTECH)    WPH1    830        WASHINGTON ST
               WATERTOWN              NYCELL = 0722  SECTOR = 1        ^M
          ^MLAT:+043.963878  LON:-075.914250ELV:+00000 COF:0
COP:000MTN:315-511-8621      CPF:VZW  -911ai.com-        ESN:00887Verify PD
               Verify FD                    Verify EMS^M  ^M  ^M  ^M
^M
12:49:03 12/08/2019 - SIPHER E
EVERYONE OUT OF HOUSE
12:49:19 12/08/2019 - SIPHER E
C1 SCREAMING
12:49:42 12/08/2019 - SIPHER E
C1 DOESN'T KNOW WHAT CAUSED
12:50:22 12/08/2019 - SIPHER E
HOUSE IS CLOSE TO NEIGHBORING HOME
12:50:29 12/08/2019 - RIEGER D - From: ORMSBY J
SMOKE FROM QUARTERS
12:50:37 12/08/2019 - SIPHER E
PER C1 ENGULFED
12:50:41 12/08/2019 - RIEGER D - From: ZINGARO J
FRANKLIN ST SIDE
12:51:31 12/08/2019 - RIEGER D - From: ORMSBY J
2 1/2 STORY FRAME RESIDENCE HEAVY FIRE FROM THE REAR STRETCHING LINE
12:52:25 12/08/2019 - RIEGER D - From: HOLLAND JA
HYDRANT 50-100 FEET INFRONT OF E2
12:52:44 12/08/2019 - RIEGER D - From: ORMSBY J
BRAVO SIDE 1STR FLOOR 47E2 MAKING ENTRY
12:53:28 12/08/2019 - RIEGER D - From: HOLLAND JA
RECALL B & D RECALL AND CHIEF 1 TO SCENE AND FORT DRUM RIT TO SCENE
12:54:53 12/08/2019 - WILSON M
ft. drum advised
12:55:57 12/08/2019 - RIEGER D
ATTIC TO 2ND FLOOR SEE WHAT THEY HAVE 47E2 FIRE EXTINGUISHED 1ST FLOOR THERE IS
FIRE EVES ON 2ND FLOOR
12:56:55 12/08/2019 - RIEGER D - From: HOLLAND JA
REQ SECOND LINE 47E1
12:57:05 12/08/2019 - WILSON M
water department advised

FILED: JEFFERSON COUNTY CLERK 03/22/2021 02:27 PM INDEX NO. EF2021-00000650
NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 03/22/2021
Case 5:21-cv-00457-TJM-ATB Document 2 Filed 04/23/21 Page 29 of 46

| 23047 | NY | 12 | 8 | 2019 | 2 | 19-0003959 | 000 | Complete |
|---|---|---|---|---|---|---|---|---|
| FDID | State | Incident Date | | | Station | Incident Number | Exposure | Narrative |

**Narrative:**

12:57:09 12/08/2019 - RIEGER D - From: ORMSBY J

TO CHIEF 3 WATER SUPPLY ESTABLISHED

12:58:01 12/08/2019 - RIEGER D

NATR GRID NOTIFIED

12:59:13 12/08/2019 - RIEGER D - From: HOLLAND JA

TO 47E2 INQ ON BASEMENT ENTRANCE

12:59:19 12/08/2019 - SIPHER E

E2 FORT DRUM EN FLOWER AVE

12:59:37 12/08/2019 - SIPHER E

FORT DRUM E2 UNABLE TO REACH BY RADIO

13:00:25 12/08/2019 - RIEGER D - From: ORMSBY J

FOUND 2ND FLOOR STAIRS GOING UP AT THIS TIME

13:01:27 12/08/2019 - RIEGER D - From: ZINGARO J

TO 47E2 LOCATION OF STAIRS

13:01:28 12/08/2019 - RIEGER D FROM CHIEF 1 HAVE FORT DRUM STAGE AT ACADEMY AND

FLOWER AVE E AND WALK UP TO SCENE

13:03:18 12/08/2019 - RIEGER D

INQ ON B & D PLATOON 3 MP ONLY AT THIS TIME RIEGER SPOKE WITH LYON

13:03:23 12/08/2019 - BURKE J - From: MCADOO M

CONTACT RED CROSS FOR 6 ADULTS

13:04:10 12/08/2019 - RIEGER D - From: ORMSBY J

TO 47E3 TOP OF STAIRS GO TO CHARLIE SIDE 2ND FLOOR HAS FIRE

13:05:08 12/08/2019 - RIEGER D - From: ZINGARO J

TO 4703 2ND FLOOR NO FIRE BELIEVES IN ATTIC GOING TO OPEN

13:06:38 12/08/2019 - SIPHER E

PER CITY FIRE E4 IS

13:07:14 12/08/2019 - RIEGER D - From: HERMAN

HAVE 9 STAGE ACADEMY & FLOWER AVE E AND WALK IN

13:09:06 12/08/2019 - RIEGER D - From: ZINGARO J

HEAD TO ATTIC REQ ATTIC LADDER TO 2ND FLOOR REQ IT PASSED UP BY CARPENTER

THROUGH WINDOW

13:10:01 12/08/2019 - RIEGER D

47E4 I/S

13:10:42 12/08/2019 - RIEGER D

21 MINUTES INTO INCIDENT

13:12:20 12/08/2019 - RIEGER D - From: ZINGARO J

PER 4703 B SIDE GABLE END VENTILATE LESS SMOKE THEN BEFORE STILL ALOT OF SMOKE

PER 47E3 DONT SEE ALOT OF ACTIVE FIRE

13:14:06 12/08/2019 - WILSON M

stephanie converse is the property owner and is on the line 239-961-3947

13:14:39 12/08/2019 - RIEGER D - From: HERMAN

PUT PROPERTY OWNER THROUGH TO HIS CELL

13:14:55 12/08/2019 - WILSON M

patched caller through to chief Herman

13:16:20 12/08/2019 - RIEGER D

TRUCK 2 I/S

13:17:22 12/08/2019 - RIEGER D - From: ZINGARO J

TO 4703 FANS REQUESTED

13:20:41 12/08/2019 - RIEGER D

RADIOES KEYED UP NO VOICE 79 AND 69 JOHANAS AND C GARDNER PER 4703 ALL SET

OUTSIDE

| 23047 | NY | 12 | 8 | 2019 | 2 | 19-0003959 | 000 | Complete |
|---|---|---|---|---|---|---|---|---|
| FDID | State | Incident Date | | | Station | Incident Number | Exposure | Narrative |

**Narrative:**

13:24:16 12/08/2019 - RIEGER D
32 MINUTES INTO THE INCIDENT
13:24:29 12/08/2019 - RIEGER D - From: HERMAN
STOP CLOCK
13:31:31 12/08/2019 - RIEGER D
4704  IN SERVICE 1326 HOURS ANY CALLS FOR CITY FIRE CALL STATION 1 AND HE WILL
SEND HIMSELF OR E4 OR T2
13:36:28 12/08/2019 - BURKE J
PER 93 CID NOTIFIED, CALL IN TROTTIER
13:37:08 12/08/2019 - SIPHER E
JOHN NAT GRID - CREW EN ETA 5
13:38:13 12/08/2019 - BURKE J
DET TROTTIER NOTIFIED
13:52:33 12/08/2019 - RIEGER D - From: FORT DRUM FD
9-0-3 AND 9-1-2 CL
13:57:59 12/08/2019 - RIEGER D - From: HOLLAND JA
INQ ON WATER DEPT NOTIFICATION ADVISED NOTIFIED 1257 HOURS
15:21:55 12/08/2019 - PITTS T - From: GIBBS G
AT PSB WITH TRACEY JONES - REQUESTING RED CROSS
15:27:00 12/08/2019 - PITTS T
RED CROSS ANSWERING SERVICE ADVISED
15:37:36 12/08/2019 - PITTS T
RED CROSS PHONE PATCH TO DET GIBBS
15:44:46 12/08/2019 - LUIZ P - From: HOLLAND JA
CH KELLOGG WILL HAVE COMMAND
16:53:13 12/08/2019 - CUMMINGS A
per Chief Herman have RedCross contact this number 3157783664 Tracy Jones
17:04:49 12/08/2019 - PITTS T - From: GIAQUINTO J
REQUEST RED CROSS FOR LARKIN HARVEY
17:07:40 12/08/2019 - PITTS T
RED CROSS ANSWERING SERVICE CONTACTED FOR DET GIAQUINTO
17:17:54 12/08/2019 - CUMMINGS A
Per Scott Kolb -- Tracy Jones is still awaiting a call from Red Cross
17:18:10 12/08/2019 - CUMMINGS A

17:23:27 12/08/2019 - VICKERY J
CONTACTED DPW - BARRACADES ARE READY TO BE PICKED UP
17:26:13 12/08/2019 - LUIZ P - From: KOLB SCOTT
REQ WATER DEPT BE ADVISED OF HYDRANT USED ACROSS FROM 436 FLOWER AV E AND DPW
CAN PICKUP BARRICADES
17:29:34 12/08/2019 - LUIZ P
WATER/DPW NOTIFIED

# Exhibit C



State Farm Fire and Casualty Company

October 7, 2020

**State Farm Claims**
PO Box 52257
Phoenix, AZ 8507-2257

STEPHANIE J CONVERSE
3910 PRESERVE WAY
ESTERO FL 33928

## CERTIFIED MAIL – RETURN RECEIPT REQUESTED & EMAIL

RE:  Our Claim Number:  52-03L1-48Z
     Policy Number:      32-BS-T435-1
     Policy Form:        HW-2132
     Named Insured:      Stephanie J Converse
     Date of Loss:       December 8, 2019

Dear Stephanie J. Converse:

Based upon the totality of our investigation, this is notice to you that State Farm Fire and Casualty Company must respectfully deny your claim of fire loss in its entirety, and we will not be making any payment to you for this claim.

Our specific, independent reasons for this denial include the following:

- You breached the policy's "Your Duties After Loss" cooperation requirement by giving false answers in your recorded statement and false testimony under oath.
- You breached the policy's "Your Duties After Loss" sworn proof of loss condition by having submitted an untimely proof of loss.
- You breached the policy's "Concealment or Fraud" condition by making material misrepresentations in the presentation of your claim.

Please note the following policy language which is pertinent to the denial of your claim:

## SECTION I – CONDITIONS

2. **Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:

    d.  as often as *we* reasonably require:

        (3) while not in the presence of any other *insured*:

            (b) submit to examinations under oath.

e. submit to **us**, within 60 days after the loss, **your** signed, sworn proof of loss that sets forth, to the best of **your** knowledge and belief:

1. the time and cause of loss;

2. interest of the **insured** and all others in the property involved and all encumbrances on the property;

3. other insurance that may cover the loss;

4. changes in title or occupancy of the property during the term of this policy;

5. specifications of any damaged structure and detailed estimates for repair of the damage;

6. an inventory of damaged or stolen personal property described in 2.c.;

7. receipts for additional living expenses incurred and records supporting the fair rental value loss; and

8. evidence or affidavit supporting a claim under **SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money** coverage, stating the amount and cause of loss.

## SECTION I AND SECTION II – CONDITIONS

2. **Concealment or Fraud.** We do not provide coverage for an **insured** who, whether before or after a loss has:

   a. intentionally concealed or misrepresented any material fact or circumstance; or

   b. engaged in fraudulent conduct;

   relating to this insurance.

The policy also contains this condition:

## SECTION I – CONDITIONS

6. **Suit Against Us.** No action will be brought unless there has been compliance with the policy provisions. Any action by any party must be started within two years after the date of loss or damage.

Therefore, any suit brought by you would have to be brought by December 8, 2021.

The foregoing is not intended to limit State Farm Fire and Casualty Company's rights under the subject insurance policy. Neither this letter, nor any other communication, should be construed as a waiver of any right or policy condition.

State Farm Fire and Casualty Company specifically reserves its rights to rely upon each and every term and provision thereof, and to disclaim liability and/or deny coverage for any additional reasons which may exist or which may hereafter appear and come to this Company's attention. Please be further advised that by issuing this letter, State Farm Fire and Casualty Company does not admit liability under the policy of insurance, and reserves its rights to assert

2

any and all defenses pursuant to the policy of insurance, the insurance law, or any other laws within the State of New York, regarding this claim.

In accordance with policy provisions and conditions, we will be making payment to the policy's listed mortgagee, Lakeview Loan Servicing, LLC, and Richard Converse, to the extent of their insurable interest in the property at the time of loss.

Should you have any questions regarding this correspondence please contact SIU Claim Specialist Julio Loarca at 518-269-7237

Sincerely,

Bryan Acornley
Team Manager
Special Investigative Unit
State Farm Fire and Casualty Company

Should you wish to take this matter up with the New York State Department of Financial Services, you may file with the Department either on its website at http://www.dfs.ny.gov/consumer/fileacomplaint.htm or you may write to or visit the Consumer Assistance Unit, Financial Frauds and Consumer Protection Division, New York State Department of Financial Services, at: One State Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 1399 Franklin Avenue, Garden City, NY 11530; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.

# Exhibit D



## NEW YORK STATE OF OPPORTUNITY. | Department of Financial Services

Consumer Complaint Case: CSB-2020-01376788

Date Submitted: 10/02/2020

| Complaint Type | |
|---|---|
| Is this related to COVID-19 or Civil unrest? | No |
| Which product or service best describes your complaint? | Insurance Company |
| Are you a representative filling out this form for someone else? | No |
| I authorize the entity or individual named in this complaint to furnish to the Department of Financial Services any information related to this matter. | Yes |
| **Who is the person with a complaint?** | |
| Name: | Stephanie  Converse |
| Address: | 17557 Brickstone Loop - |
| Business Name: | |
| City/State/Zip: | Fort Myers FL 33967 |
| Phone: | (239) 961-3947 |
| Fax: | |
| Email: | sjconverse29@gmail.com |
| **Complaint Details** | |
| What type of insurance is your complaint about? | Property and Liability |
| What type of person/entity is your complaint about? | Insurance Company |
| **Who is the person/entity you are complaining about?** | |
| Insurance Company: | State Farm Fire and Casualty Company-25143 |
| **What is the Policy/Claim Information?** | |
| Policy Number: | 32-BS-T435-1 |
| Policy Holder Name: | Stephanie Converse |
| Claim Number: | 53-03L1-48Z |
| Date of Loss/Service: | 12/08/2019 |
| What is the nature of your complaint? | NO/LATE RESPONSE TO CLAIM |
| Is your policy being cancelled or terminated? | No |
| Is this related to a declared disaster? | No |
| **Additional Information** | |


**Department of Financial Services**

Consumer Complaint Case: CSB-2020-01376788

Date Submitted: 10/02/2020

| | |
|---|---|
| Is a Court or Legal Action pending for this matter? | No |
| Have you submitted this matter to another agency or attorney? | No |
| Are you a whistleblower? | No |
| Is this complaint regarding Elder Financial Abuse? | No |
| Please enter the details of your complaint here | |



**NEW YORK** STATE OF OPPORTUNITY.

# Department of Financial Services

Consumer Complaint Case: CSB-2020-01376788          Date Submitted: 10/02/2020

My house was accidentally burned down by a tenant due to a cigarette back on Dec 8, 2019. There was a further investigation done with the local police department due to many circumstances. I had hired my brothers' company to secure the property per my insurance companies request. The insurance had underpaid as to what it actually costs to secure so My brother and father had contacted the claim specialist
Julio Loarca Fire or Lightning - Building
800-331-1169

My brother had asked why this was underpaid- without me even knowing what was going on (with any investigation let alone an investigation at all) Julio proceeded to say I was being accused of arson. I had no clue what was going on and for him to say this to the anyone was absolutely appalling and false. He was completely rude, unprofessional with a nasty manor making false accusations while I was never accused, convicted of anything.

I had asked State Farms attorney to please assign another claim specialist because I felt like I was being treated unfair but the attorney and the claim specialist are good friends, so he refused to get this reassigned. I can't even express how I felt- I felt my rights were violated, I was humiliated and began to be extremely depressed beyond anything.

I ended up retaining an attorney on 1/2/2020 Eric Schwartz in Watertown, NY to help me through all the legal situations and investigations.

I went under oath with State Farms attorney:

Roy A. Mura, Esq
930 Rand Building
14 Lafayette Square
Buffalo, New York  14203
(716) 855-2800 – Voice
(716) 855-2816 – Fax
(716) 570-5338 – Cell

 (back on March 13, 2020 in Fort Myers, FL. My attorney was present via phone conference call. This examination took approximately 7.5 hours)

6/4/20: I had emailed State Farms attorney Mr. Mura stating I had spoke to my attorney and he mentioned there were no charges pending or being filed the case has been dropped.

6/8/20: State Farms attorney had called the DA working on the case and questioned her ability and why I wasn't charged with anything. It was almost like he was trying to get her to dig something up that wasn't there. After hearing this from



**Department of Financial Services**

Consumer Complaint Case: CSB-2020-01376788                Date Submitted: 10/02/2020

my attorney and what Mr. Mura did was I was shocked but this is extremely unconstitutional.

6/24/20: I had called Mr. Mura out again, he fabricated and only is was in best interest for State Farm (I will send all the email documentation/ emails for you to see)
6/26/20: Mr. Mura State Farms attorney requested certain documents from the EUO.
7/2/20: I had sent all the documents per State Farms request (not once, twice, but three times to make sure they didn't have an excuse) I'd ask them to confirm and nothing back
7/31/20: I email attorney and claims specialist for an update and confirmation, Nothing back (email proof attached)

My brother Richard Converse who is also on the mortgage with me started reaching out to Julio the claim specialist bc Julio wouldn't communicate with me.
8/3/20: Julio spoken and had told my brother Richard they came to "somewhat of a resolution" but for "his interest" in the property State Farm was going to pay off the mortgage dated back Dec 1,2019. Julio also stated papers are being sent out and we should be getting something in writing within two weeks. Julio also mentioned to Richard he's been trying to get ahold of the mortgage company for over 90 days and finally spoke with them to get what he needs.
Richard and I waited for two weeks like we were told, nothing came in the mail.
8/19/20: I had left work to call my mortgage company- spent over two hours on phone with them going through every department. State Farm has NEVER contacted anyone in any department since 9/11/2019 and that was only to send the renewed policy. I even asked the mortgage company and every department to make notes. I had even asked if anyone asked for a payoff and what the process is- my mortgage company stated it doesn't matter if there are any requests, they still have to get "my permission in order to send the payoff" which never happened.
8/24/20: Received email from State Farms attorney stating he can't open the docs and wanted me to resend. I emailed back and said "you've had this for two months and you haven't even tried to open the docs or anything"????
8/26/20: I called mortgage company again and spent over 2 hours on phone dealing and seeing if State Farm called them. Again nothing.

8/27/20:  I ended up speaking with Julio and asked him multiple times if he got everything from mortgage company (acting dumb to see his response) or where we stood. He said yes he spoke to them and he has everything he needs. This is an ABOSLUTE LIE AGAIN, I took time from my job to call my mortgage company to find the facts and truth before talking with him and he just keeps lying. I was hoping he would be honest and tell me the truth. I even asked and said we've been waiting on the paperwork and never received it. Julio told me on the phone that everything is in with the panel and they've been discussing where and what to pay out. He hasn't heard from them and he's been waiting on them for a couple months. But we

FILED: JEFFERSON COUNTY CLERK 03/22/2021 02:27 PM          INDEX NO. EF2021-00000650
NYSCEF DOC. NO. 6                                                      RECEIVED NYSCEF: 03/22/2021

Case 5:21-cv-00457-TJM-ATB   Document 2   Filed 04/23/21   Page 40 of 46



**Department of Financial Services**

Consumer Complaint Case: CSB-2020-01376788                    Date Submitted: 10/02/2020

| |
|---|
| were told mortgage was being paid off we were getting some papers in the mail which never happened. |
| ME: How can everything be in with the panel "FOR MONTHS" on a decision if your attorney hasn't even opened the documents to send TO THE PANEL???????? Just 3 days ago your attorney told me he can't even open the documents, but the panel has had it for months????? (I will send the emails for proof) |
| After he couldn't fully answer he said you have to take in consideration the pandemic. ME: You're an essential business, so your telling me if someone makes a claim then it's put on hold? So your using the excuse for nonpayment, being treated unfairly and even communication bc of the pandemic? I'm sorry but my business is not as essential as yours and I've still been able to deliver but mostly communicate. |
| 9/16/20: Julio spoke with Richard and said we would have offer letter in writing via email no later than by end of day Friday 9/21/20. |
| 9/21/20: Julio called Richard and left a vm stating he hopes to have by end of day and again no later than Friday 9/25/20. (which I have the vm and will attach as proof if I can) |
| Needless to say: Richard had called and left Julio two separate vm's during the wk 9/21-9/25 with no response back at all or any update to me. |
| Not only that but another week has gone by 9/28/20- 10/2 and nothing!!!!!!!!!!! |
| This has taken a huge toll on me not just financially but mentally, emotionally and my family. I've had to get on medications, and this has all interfered with my production at work which has made it where my job is on the line. I need someone to help me. State Farm has acted in bad faith this whole time. It's almost been a year and I need results. |

| What do you think would be a fair resolution to your complaint? | |
|---|---|
| How were you referred to the Department of Financial Services? | |
| **Supporting Documentation** | |
| | Fire report.pdf(1013Kb) |
| | emails proof sf.pdf(2900Kb) |

# Exhibit E



Carlos Diaz
Claims Section Manager - SIU
7401 Cypress Gardens Blvd
Winter Haven, FL 33884
863-318-2185

October 8, 2020

New York Department of Financial Services
Attention: Consumer Assistance Unit
1 Commerce Plaza
Albany, NY  12257

RE:    Your File No:  CSB-2020-01376788
           Complainant:  Stephanie Converse
           Insured:        Stephanie Converse
           Claim Number: 52-03L1-48Z
           Policy Number: 32-BS-T435-1
           Date of Loss:   December 8, 2019
           NAIC Number:  # 25143 /State Farm Fire and Casualty Company

Dear Consumer Assistance Unit,

This letter responds to the complaint of our insured, Stephanie Converse, dated October 2, 2020.

Ms. Converse has expressed concern over the time it has taken to respond to her fire loss claim.   She further indicated her dissatisfaction with our handling of the claim.

Please note that shortly after this claim was filed, it was referred to our Special Investigation Unit based on the following indicators:

- Fire department reports fire cause is incendiary, suspicious or unknown.

- Losses are questionable (e.g. home stereo stolen out of car, fur coat stolen on trip to Hawaii).

- Marital and/or financial problems.

Our investigation of Ms. Converse's claim revealed, among other things, that shortly before the fire she had written a letter to a friend of hers offering him $5,000 to burn the insured residence.

After a thorough evaluation of the claim, please be advised that a claim decision was made this week to deny Ms. Converse's claim in its entirety.  The reasons for the denial include:

- Our investigation has revealed that Ms. Converse breached the policy's "Your Duties After Loss" cooperation requirement based upon her giving false answers in her recorded statement and false testimony under oath.

- Ms. Converse has breached the policy's "Your Duties After Loss" sworn proof of loss condition by having submitted an untimely proof of loss.

FILED: JEFFERSON COUNTY CLERK 03/22/2021 02:27 PM
NYSCEF DOC. NO.
Case 5:21-cv-00457-TJM-ATB   Document 2   Filed 04/23/21   Page 43 of 46

INDEX NO. EF2021-00000650
RECEIVED NYSCEF: 03/22/2021

- Our investigation has revealed that the insured breached the policy's "Concealment or Fraud" condition by making material misrepresentations in the presentation in her claim.

Based upon New York case law and policy language, we will also be proceeding with following:

- Solicit and pay the mortgagee its interest.
- Determine and pay the insurable interest of the policy's additional insured, Richard Converse, Ms. Converse's brother.

We believe that our investigation of Ms. Converse's claim and her examination under oath testimony fully support our coverage decision in this matter. Her misrepresentations began at the time of the recorded statement she gave to the SIU Claim Specialist Julio Loarca on December 11, 2019. In her examination under oath on March 13, 2020, Ms. Converse repeatedly made material misrepresentations and omissions during her testimony.

Pertaining to her untimely submission of her sworn proof of loss, she was advised in writing, via email and via certified mail on December 11, 2019, that her proof of loss was due on February 17, 2020. At the March 13, 2020 examination under oath, our counsel reserved our right on the record to deny coverage on the basis of the then-late proof of loss. Under oath, Ms. Converse admitted that she never requested additional time to submit the proof of loss, nor was she able to identify any person who told her that she did not have to provide it by February 17, 2020. The New York Court of Appeals in Igbara vs. N.Y. Prop. Ins. Underwriting Assn. held that an insured's failure to submit a proof of loss within the period of time specified by the policy, which in this case was 60 days, constitutes "an absolute defense to an action on the policy."

The reasons for Ms. Converse's claim denial are explained in our letter dated October 7, 2020. We have sent that letter to Ms. Converse via certified mail and email.

Thank you for the opportunity to respond to your inquiry. If you have any questions, please call Team Manager Bryan Acornley at 610-358-8669.

Sincerely,

Carlos Diaz
Claim Section Manager – SIU
NAIC # 25143 /State Farm Fire and Casualty Insurance Company

Cc: Denial Letter



State Farm Fire and Casualty Company

October 7, 2020

**State Farm Claims**
PO Box 52257
Phoenix, AZ 8507-2257

STEPHANIE J CONVERSE
3910 PRESERVE WAY
ESTERO FL 33928

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED & EMAIL**

RE:  Our Claim Number:    52-03L1-48Z
Policy Number:        32-BS-T435-1
Policy Form:          HW-2132
Named Insured:        Stephanie J Converse
Date of Loss:         December 8, 2019

Dear Stephanie J. Converse:

Based upon the totality of our investigation, this is notice to you that State Farm Fire and Casualty Company must respectfully deny your claim of fire loss in its entirety, and we will not be making any payment to you for this claim.

Our specific, independent reasons for this denial include the following:

- You breached the policy's "Your Duties After Loss" cooperation requirement by giving false answers in your recorded statement and false testimony under oath.
- You breached the policy's "Your Duties After Loss" sworn proof of loss condition by having submitted an untimely proof of loss.
- You breached the policy's "Concealment or Fraud" condition by making material misrepresentations in the presentation of your claim.

Please note the following policy language which is pertinent to the denial of your claim:

### SECTION I – CONDITIONS

2.  **Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:

 d.  as often as *we* reasonably require:

 (3) while not in the presence of any other *insured*:

 (b) submit to examinations under oath.

*Home Office, Bloomington, IL*

e. submit to **us**, within 60 days after the loss, **your** signed, sworn proof of loss that sets forth, to the best of **your** knowledge and belief:

1. the time and cause of loss;

2. interest of the **insured** and all others in the property involved and all encumbrances on the property;

3. other insurance that may cover the loss;

4. changes in title or occupancy of the property during the term of this policy;

5. specifications of any damaged structure and detailed estimates for repair of the damage;

6. an inventory of damaged or stolen personal property described in 2.c.;

7. receipts for additional living expenses incurred and records supporting the fair rental value loss; and

8. evidence or affidavit supporting a claim under **SECTION I – ADDITIONAL COVERAGES**, **Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money** coverage, stating the amount and cause of loss.

### SECTION I AND SECTION II – CONDITIONS

2. **Concealment or Fraud**. We do not provide coverage for an **insured** who, whether before or after a loss has:

a. intentionally concealed or misrepresented any material fact or circumstance; or

b. engaged in fraudulent conduct;

relating to this insurance.

The policy also contains this condition:

### SECTION I – CONDITIONS

6. **Suit Against Us.** No action will be brought unless there has been compliance with the policy provisions. Any action by any party must be started within two years after the date of loss or damage.

Therefore, any suit brought by you would have to be brought by December 8, 2021.

The foregoing is not intended to limit State Farm Fire and Casualty Company's rights under the subject insurance policy. Neither this letter, nor any other communication, should be construed as a waiver of any right or policy condition.

State Farm Fire and Casualty Company specifically reserves its rights to rely upon each and every term and provision thereof, and to disclaim liability and/or deny coverage for any additional reasons which may exist or which may hereafter appear and come to this Company's attention. Please be further advised that by issuing this letter, State Farm Fire and Casualty Company does not admit liability under the policy of insurance, and reserves its rights to assert

any and all defenses pursuant to the policy of insurance, the insurance law, or any other laws within the State of New York, regarding this claim.

In accordance with policy provisions and conditions, we will be making payment to the policy's listed mortgagee, Lakeview Loan Servicing, LLC, and Richard Converse, to the extent of their insurable interest in the property at the time of loss.

Should you have any questions regarding this correspondence please contact SIU Claim Specialist Julio Loarca at 518-269-7237

Sincerely,

Bryan Acornley
Team Manager
Special Investigative Unit
State Farm Fire and Casualty Company

Should you wish to take this matter up with the New York State Department of Financial Services, you may file with the Department either on its website at http://www.dfs.ny.gov/consumer/fileacomplaint.htm or you may write to or visit the Consumer Assistance Unit, Financial Frauds and Consumer Protection Division, New York State Department of Financial Services, at: One State Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 1399 Franklin Avenue, Garden City, NY 11530; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.