UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
RICHARD CONVERSE
STEPHANIE CONVERSE,

        Plaintiffs,

           -against-

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.
---------------------------------------------------------X

Civil Action No. 5:21-cv-457 (TJM/ATB)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, STATE FARM FIRE AND CASUALTY COMPANY'S MOTION TO DISMISS

Rivkin Radler LLP
*Counsel for Defendant,*
*State Farm Fire & Casualty Company*
926 RXR Plaza
Uniondale, New York 11556
Michael.Troisi@rivkin.com
(516) 357-3000

*Of Counsel:*

Michael A. Troisi, Esq.
(MT 2002)

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ ii

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................................................... 2

STANDARD OF LAW ......................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

     1.    PLAINTIFFS' SECOND CAUSE OF ACTION FOR
          DECLARATORY JUDGMENT IS SUBJECT TO DISMISSAL. ............................. 4

     2.    PLAINTIFFS' THIRD CAUSE OF ACTION FOR BREACH
          OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR
          DEALING IS SUBJECT TO DISMISSAL. ................................................... 6

     3.    PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES AND
          ATTORNEYS' FEES ARE BOTH SUBJECT TO DISMISSAL. ............................ 7

         a.   Punitive Damages ................................................................... 7

         b.   Attorneys' Fees ...................................................................... 8

CONCLUSION .................................................................................................................... 9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>Ashcroft v. Iqbal</u>,
  556 U.S. 662 (2009).......................................................................................3, 4

<u>Bell Atl. Corp. v. Twombly</u>,
  550 U.S. 544 (2007)...........................................................................................4

<u>Brown v. Gov't Emps. Ins. Co.</u>,
  156 A.D.3d 1087, 66 N.Y.S.3d 733 (3d Dep't 2017)...........................................8

<u>Charles Schwab & Co. v. Retrophin, Inc.</u>,
  No. 14-cv-4294(ER), 2015 WL 5729498 (S.D.N.Y. Sept. 30, 2015)......................4

<u>Cruz v. FXDirectDealer, LLC (FXDD)</u>,
  720 F.3d 115 (2d Cir. 2013)...............................................................................6

<u>Deer Park Enters., LLC v. Ail Sys., Inc.</u>,
  57 A.D.3d 711 (2d Dep't 2008)..........................................................................6

<u>Fleisher v. Phoenix Life Ins. Co.</u>,
  858 F. Supp. 2d 290 (S.D.N.Y. 2012)..................................................................6

<u>Funk v. Allstate Ins. Co.</u>,
  No. 13-cv-5933-JS-GRB, 2013 WL 6537031 (E.D.N.Y., Dec. 13, 2013) ...............6

<u>Globecon Group, LLC v. Hartford Fire Ins. Co.</u>,
  434 F.3d 165 (2d Cir. 2006)............................................................................8, 9

<u>Harris v. Provident Life & Accident Ins. Co.</u>,
  310 F.3d 73 (2d Cir. 2002).................................................................................6

<u>Horowitz v. Stryker Corp.</u>,
  613 F. Supp. 2d 271 (E.D.N.Y. 2009) .................................................................7

<u>J.C. Penney Corp. v. Carousel Ctr. Co., L.P.</u>,
  635 F. Supp. 2d 126 (N.D.N.Y. 2008).................................................................5

<u>Jacobs v. Baum</u>,
  No. 1:07-CV-167, 2008 WL 819037 (N.D.N.Y. Mar. 24, 2008) .............................5

<u>Manning v. Utilities Mut. Ins. Co.</u>,
  254 F.3d 387 (2d Cir. 2001)...............................................................................7

Metro. Prop. & Cas. Ins. Co. v. Sarris,
    No. 115CV0780LEKDJS, 2017 WL 3252812 (N.D.N.Y. July 28, 2017)................................7

Mighty Midgets, Inc. v. Centennial Ins. Co.,
    47 N.Y.2d 12 (1979) ................................................................................................................8

New York Times Co. v. Gonzales,
    459 F.3d 160 (2d Cir. 2006).....................................................................................................4

New York Univ. v. Continental Ins. Co.,
    87 N.Y.2d 308 (1995) ..............................................................................................................8

Piven v. Wolf Haldenstein Adler Freeman & Herz L.L.P.,
    No. 08-cv-10578(RJS), 2010 WL 1257326 (S.D.N.Y. Mar. 12, 2010)....................................5

Rocanova v. Equitable Life Assur. Soc.,
    83 N.Y.2d 603 (1994) ...........................................................................................................7, 8

Sanderson v. First Liberty Ins. Corp.,
    No. 8:16-CV-644, 2017 WL 5176371 (N.D.N.Y. Nov. 7, 2017) .............................................9

Tate v. Metropolitan Life Ins. Co.,
    186 A.D.2d 859 587 N.Y.S.2d 813 (3d Dep't 1992) ................................................................8

Ticheli v. Travelers Ins. Co.,
    No. 1:14-CV-00172, 2014 WL 12587066 (N.D.N.Y. Dec. 23, 2014) ......................................8

Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.,
    238 F. Supp. 3d 314 (N.D.N.Y. 2017)....................................................................................5

Young Men's Christian Ass'n of Plattsburgh v. Philadelphia Indem. Ins. Co.,
    No. 18-cv-0565(LEK)(DJS), 2018 WL 6267923 (N.D.N.Y. Nov. 30, 2018) ..........................6

**Statutes**

General Business Law § 349.........................................................................................................7

Insurance Law § 2601 ..................................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 3, 9

## <u>PRELIMINARY STATEMENT</u>

Defendant STATE FARM FIRE AND CASUALTY COMPANY ("State Farm") respectfully submits this memorandum of law in support of its motion for an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiffs RICHARD and STEPHANIE CONVERSE's (collectively, "Plaintiffs") second and third causes of action, as well as their demands for punitive damages and attorneys' fees, along with such other and further relief as this Court may deem just and proper.

In this action, Plaintiffs allege that State Farm breached the terms of a homeowners' policy by denying a claim for coverage submitted by Stephanie Converse in connection with damage allegedly sustained on or about December 8, 2019 following a fire at the insured location.  In addition to asserting what amounts to a garden variety breach of contract claim, Plaintiffs assert claims seeking a declaratory judgment and for breach of the implied covenant of good faith and fair dealing.  By way of relief, Plaintiffs seek $229,225.00, in addition to punitive damages and attorneys' fees.  As demonstrated below, Plaintiffs' second and third causes of action, as well their demand for punitive damages and attorneys' fees, fail as a matter of law and must be dismissed.

Plaintiffs' second cause of action, seeking a declaratory judgment that State Farm be required to reimburse Plaintiffs for their claim, is duplicative of the first cause of action for breach of contract.  As it is well settled that under New York law courts will dismiss a request for declaratory relief that is based upon the same facts giving rise to a breach of contract action, Plaintiffs' second cause of action must be dismissed.

Plaintiffs' third cause of action alleging breach of the covenant of good faith and fair dealing is similarly subject to dismissal on the ground that it is duplicative of Plaintiffs' breach of contract cause of action.

Finally, Plaintiffs have failed to allege facts sufficient to entitle them to punitive damages. Plaintiffs' Complaint clearly seeks to remedy a private wrong rather than to vindicate a public right and is devoid of any allegation that State Farm engaged in intentional wrongdoing, egregious conduct, or acted with reckless disregard for Plaintiffs' rights.  Nor are Plaintiffs entitled to attorneys' fees because it is well-settled that an insured may not recover the expenses incurred in bringing an affirmative action against their insurer to settle their rights under the policy, as Plaintiffs seek to do here.  As such, Plaintiffs' demand for punitive damages and attorneys' fees must be dismissed as a matter of law.

For these reasons, as set forth more fully below, the instant motion should be granted.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

State Farm issued Plaintiffs a homeowners policy bearing policy number 32-BS-T435-1, with an effective period of October 31, 2019 through October 31, 2020 (the "Policy").  The premises listed on the declarations page of the Policy was a two-story, multi-family dwelling located at 442 Flower Avenue East, Watertown, New York 13601-3402 (the "Premises").  See Declaration of Michael A. Troisi, dated May 20, 2021 ("Troisi Decl."), Ex. A ("Plaintiffs' Complaint") at ¶¶ 10-11.

On or about December 8, 2019, while the Policy was in full force and effect, a fire occurred at the Property "which caused serious damage to the Property and rendered the Property unlivable."  Troisi Decl., Ex. A ¶ 16.  Stephanie subsequently filed a claim under the Policy on December 11, 2019 (the "Claim").  See Troisi Decl., Ex. A ¶ 19.

---

[1]  The following statement of facts is based upon the allegations set forth in Plaintiffs' Complaint. State Farm does not concede the truth or accuracy of these allegations, but recognizes that, solely for purposes of this motion, the allegations are entitled to favorable assumptions by law.

During its investigation of the Claim, State Farm obtained a recorded statement on December 11, 2019, from Stephanie regarding the fire.  See Troisi Decl., Ex. A ¶ 20.  Stephanie also agreed to State Farm's request to submit to an Examination Under Oath ("EUO"), which was conducted on March 13, 2020.  See Troisi Decl., Ex. A ¶ 21.

At the conclusion of its investigation, on October 7, 2020, State Farm issued a letter denying Stephanie's claim (the "Denial Letter").  See Troisi Decl., Ex. A ¶ 26.  The Denial Letter stated that Stephanie's Claim was being denied because of, among other things, material misrepresentations that she made during the presentation of her Claim.

Plaintiffs commenced the instant action on March 22, 2021 by filing a Summons and Complaint in the Supreme Court of the State of New York, Jefferson County.  Plaintiffs purport to assert three causes of action: (i) breach of contract; (ii) declaratory judgment; and (iii) breach of the implied covenant of good faith and fair dealing.  See Troisi Decl., Ex. A ¶¶ 36-55.  Plaintiffs seek "approximately $229,225.00 in losses that are all covered under the insurance policy" with pre-judgment interest, in addition to both punitive damages and attorneys' fees.  Troisi Decl., Ex. A at ¶¶ 34, WHEREFORE.  State Farm timely removed the action to this Court on April 23, 2021 based upon diversity jurisdiction.  See D.E. 1.  On April 27, 2021, Plaintiffs agreed to a stipulation extending State Farm's time to respond to the Complaint until May 21, 2021.  See D.E. 2.

State Farm now timely makes the instant motion.

## STANDARD OF LAW

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  As such, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do.'" <u>Twombly</u>, 550 U.S. at 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." <u>Id.</u>, 550 U.S. at 570.  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." <u>Iqbal</u>, 556 U.S. at 678.  A Plaintiff cannot rely on conclusory statements to satisfy the <u>Twombly/Iqbal</u> standards.  <u>See Iqbal</u> at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## **ARGUMENT**

1. ### **PLAINTIFFS' SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT IS SUBJECT TO DISMISSAL.**

Plaintiffs' second cause of action purports to seek declaratory relief.  "Under New York law, a declaratory judgment should not be rendered unless it will serve some useful purpose to the parties." <u>Charles Schwab & Co. v. Retrophin, Inc.</u>, No. 14-cv-4294(ER), 2015 WL 5729498, at *15 (S.D.N.Y. Sept. 30, 2015) (citations and quotations omitted).  In this regard, "[a] declaratory judgment should serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations, and courts should exercise their discretion to award such relief judicially and with care." <u>Id.</u> (citations and quotations omitted).

Certain factors to consider, among others, are "whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved" and "whether a judgment would finalize the controversy and offer relief from uncertainty . . . ." <u>New York Times Co. v. Gonzales</u>, 459 F.3d 160, 167 (2d Cir. 2006) (quoting <u>Dow Jones & Co., Inc. v. Harrods Ltd.</u>, 346 F.3d 357, 359-

60 (2d Cir.2003)). "[C]ourts have found declaratory judgment to be inappropriate where a party has already invoked its right to a coercive remedy[,]" such as a breach of contract claim. Piven v. Wolf Haldenstein Adler Freeman & Herz L.L.P., No. 08-cv-10578(RJS), 2010 WL 1257326, at *11 (S.D.N.Y. Mar. 12, 2010); see also Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co., 238 F. Supp. 3d 314, 326 (N.D.N.Y. 2017) ("The declaratory judgment sought . . . will not clarify or settle the legal issues involved in this case. . . . Nor will a declaratory judgment offer relief from uncertainty because resolution of the breach of contract claim will offer that relief."); Jacobs v. Baum, No. 1:07-CV-167, 2008 WL 819037, at *12 (N.D.N.Y. Mar. 24, 2008) (quoting Apple Records, Inc. v. Capitol Records, Inc., 137 A.D.2d 50, 54 529 N.Y.S.2d 279, 281 (1st Dep't 1988)) (holding that "[a] cause of action for a declaratory judgment is unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract.").

Plaintiffs purport to bring this cause of action to "clarify and settle the respective legal rights and obligations of the parties" herein. Troisi Decl., Ex. A ¶ 42. Plaintiffs also assert, however, a breach of contract claim – one that, once adjudicated, will fully resolve the controversy between the parties. See Troisi Decl., Ex. A ¶¶ 36-40. As such, Plaintiffs' second cause of action is not necessary to offer clarification or settlement of the parties' respective legal rights and must be dismissed as "unnecessary and inappropriate." See J.C. Penney Corp. v. Carousel Ctr. Co., L.P., 635 F. Supp. 2d 126, 135 (N.D.N.Y. 2008) (holding that breach of contract claims provided for adequate remedy, thereby rendering declaratory judgment cause of action "unnecessary and inappropriate").

2.    **PLAINTIFFS' THIRD CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IS SUBJECT TO DISMISSAL.**

New York law "does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing, when a breach of contract claim, based upon the same facts, is also pled." Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002). Such a cause of action must be dismissed where "the alleged breach is intrinsically tied to the damages allegedly resulting from a breach of the contract." Deer Park Enters., LLC v. Ail Sys., Inc., 57 A.D.3d 711, 711-12 (2d Dep't 2008) (internal quotation omitted); see also Young Men's Christian Ass'n of Plattsburgh v. Philadelphia Indem. Ins. Co., No. 18-cv-0565(LEK)(DJS), 2018 WL 6267923, at *6 (N.D.N.Y. Nov. 30, 2018). Thus, where, as here, a breach of contract claim and a breach of the implied covenant claim are premised upon the same underlying conduct, the latter claim must be dismissed as redundant. See Cruz v. FXDirectDealer, LLC (FXDD), 720 F.3d 115, 125 (2d Cir. 2013).

In this case, Plaintiffs' claim for breach of the covenant of good faith and fair dealing is intrinsically tied to Plaintiffs' breach of contract claim because both claims are based on the same conduct – State Farm's purportedly wrongful denial of Plaintiffs' claim. As such, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is duplicative of their breach of contract claim and must be dismissed. See Funk v. Allstate Ins. Co., No. 13-cv-5933-JS-GRB, 2013 WL 6537031, at * 4 (E.D.N.Y., Dec. 13, 2013) ("[W]hen a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant."); Fleisher v. Phoenix Life Ins. Co., 858 F. Supp. 2d 290, 299 (S.D.N.Y. 2012) ("To avoid redundancy, [c]laims of breach of the implied covenant must be premised on a different set of facts from those underlying a claim for breach of contract.") (internal quotation marks and citations omitted).

Further, although Plaintiffs' third cause of action makes passing references to both General Business Law (GBL) § 349 and Insurance Law § 2601, Plaintiffs are unable to recover under either statute here.  Specifically, to allege a violation of GBL § 349 a plaintiff must allege, among other things, "deceptive conduct" by the insured.  But, as Plaintiffs acknowledge, there is no indication that State Farm has engaged in any such conduct.   Therefore, Plaintiffs cannot assert a viable claim under GBL § 349.  See Horowitz v. Stryker Corp., 613 F. Supp. 2d 271, 287 (E.D.N.Y. 2009) (stating that a "[p]laintiff may not maintain a cause of action under General Business Law § 349 where . . . she has failed to identify any 'material' 'deceptive acts' engaged in by the defendant.").  Plaintiffs also cannot recover damages pursuant to Insurance Law § 2601 because, as they concede, this statute does not provide for a private right of action.  See Metro. Prop. & Cas. Ins. Co. v. Sarris, No. 115CV0780LEKDJS, 2017 WL 3252812, at *14 (N.D.N.Y. July 28, 2017).

In view of the foregoing, Plaintiffs' third cause of action alleging breach of the covenant of good faith and fair dealing must be dismissed as a matter of law.

3.     **PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES AND ATTORNEYS' FEES ARE BOTH SUBJECT TO DISMISSAL.**

   a.     Punitive Damages

Punitive damages are not recoverable for an ordinary breach of contract, as their purpose is not to remedy a private wrong but to vindicate public rights.  See Rocanova v. Equitable Life Assur. Soc., 83 N.Y.2d 603, 613 (1994) (holding that punitive damages warrant a strict standard in first-party insurance actions); see also Manning v. Utilities Mut. Ins. Co., 254 F.3d 387, 400 (2d Cir. 2001).  To state a valid demand for punitive damages, a plaintiff must plead: (i) the defendant's conduct is actionable as an independent tort; (ii) the alleged tortious conduct is of an egregious nature; (iii) the egregious conduct is directed at the plaintiff; and (iv) the egregious conduct is part

of a pattern directed at the public generally.  See <u>New York Univ. v. Continental Ins. Co.</u>, 87 N.Y.2d 308, 315 (1995).

Further, to recover punitive damages against an insurance carrier, a plaintiff must demonstrate that the carrier, in its dealings with the general public, engaged in a fraudulent scheme evincing such a high degree of moral turpitude and such wanton dishonesty as to imply a criminal indifference to civil obligations.  See <u>id.</u>; <u>Rocanova</u>, 83 N.Y.2d at 613.  Punitive damages are not available for an isolated transaction such as breach of an insurance contract, even if committed willfully and without justification.  See <u>Tate v. Metropolitan Life Ins. Co.</u>, 186 A.D.2d 859, 860 587 N.Y.S.2d 813, 814 (3d Dep't 1992); <u>see also</u> <u>Brown v. Gov't Emps. Ins. Co.</u>, 156 A.D.3d 1087, 1091, 66 N.Y.S.3d 733, 737 (3d Dep't 2017).

Here, the Complaint contains no specific factual allegations that State Farm committed any intentional wrongdoing or egregious conduct or acted with reckless disregard for Plaintiffs' rights. See <u>Ticheli v. Travelers Ins. Co.</u>, No. 1:14-CV-00172, 2014 WL 12587066, at *4 (N.D.N.Y. Dec. 23, 2014) (striking plaintiff's punitive damages claim in first-party insurance action where plaintiff failed to allege intentional tort).  Likewise, the Complaint fails to allege that State Farm has engaged in a pattern of egregious conduct directed at the public.  Simply put, it is clear that the conduct complained of falls far short of the extreme conduct that is required for the recovery of punitive damages.  Therefore, Plaintiffs' demand for punitive damages must be dismissed.

b.    <u>Attorneys' Fees</u>

It is also well-settled that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle her rights under the policy.  See <u>Globecon Group, LLC v. Hartford Fire Ins. Co.</u>, 434 F.3d 165, 170 (2d Cir. 2006); <u>New York University</u>, 87 N.Y.2d at 316; <u>Mighty Midgets, Inc. v. Centennial Ins. Co.</u>, 47 N.Y.2d 12, 21 (1979).  Here, Plaintiffs commenced this affirmative action to settle their rights under the Policy and have not alleged that

there is any statute or provision within the Policy that would entitle them to attorneys' fees.  Nor

could they.  Accordingly, Plaintiffs' demand for attorneys' fees must be dismissed.  See Globecon

Group, LLC, 434 F.3d at 177; Sanderson v. First Liberty Ins. Corp., No. 8:16-CV-644, 2017 WL

5176371, at *6 (N.D.N.Y. Nov. 7, 2017).

## **CONCLUSION**

For the reasons set forth herein, State Farm respectfully requests that this Court issue an order

pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the second and third causes of action of Plaintiffs'

Complaint, as well as their demands for punitive damages and attorneys' fees, along with such

other and further relief as this Court may deem just and proper.

Dated:  Uniondale, New York
        May 21, 2021

                 Respectfully submitted,

                 RIVKIN RADLER LLP
                 *Counsel for Defendant,*
                 *State Farm Fire and Casualty Company*

       By:    *s/ Michael A. Troisi*
                 Michael A. Troisi, Esq. (MT 2002)
                 926 RXR Plaza
                 Uniondale, New York 11556
                 Michael.Troisi@rivkin.com
                 (516) 357-3000