UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD CONVERSE
STEPHANIE CONVERSE,

                  *Plaintiff,*

-against-

STATE FARM FIRE AND CASUALTY
COMPANY,

                  *Defendants.*

Civil Action No.

5:21-cv-457 (TJM/ATB)

---

# MEMORANDUM OF LAW
### ON BEHALF OF RICHARD CONVERSE AND STEPHANIE CONVERSE
### IN OPPOSITION TO DEFENDANT'S MOTION

Ryan L. McCarthy, Esq.
WESTFALL LAW, PLLC
Attorneys for Richard Converse and
Stephanie Converse
247 W. Fayette St. Suite 203
Syracuse, New York 13207
Email: RMcCarthy@scalfonelaw.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

Preliminary Statement ................................................................................................................... 1

Statement of Facts ......................................................................................................................... 1

Standard of Law ............................................................................................................................ 3

Argument ....................................................................................................................................... 4

    I.       Plaintiffs' Second Cause of Action is Withdrawn ........................................................ 4

    II.      Plaintiff's Third Cause of Action alleges and demonstrates a right to relief far above the minimum "speculative level." ................................................................................ 4

        A.    Plaintiff's Third Cause of Action is a viable claim for a Breach of the Covenant of Good Faith and Fair Dealing ................................................................................. 5

        B.    Plaintiff's First and Third Causes of Action are not based on the same facts ............. 6

        C.    Plaintiffs assert a viable cause of action for Punitive Damages ................................... 9

            1.    Actionable as an Independent Tort: ...................................................................... 10

            2.    Tortious Egregious Conduct .................................................................................. 11

            3.    Egregious Conduct was Directed Toward Plaintiffs. ............................................ 13

            4.    Pattern Directed at public generally ..................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009)...................................................................... 3

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). ..................................................... 3

Desiano v. Warner-Lambert Co., 326 F.3d 339, 347 (2d Cir. 2003). .............................. 3

Dist. Lodge 26, Intern. Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs.
  Corp., 610 F.3d 44, 54 (2d Cir. 2010)............................................................................ 7

Glob. Network Commun., Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006).............. 3

Gordon v. Nationwide Mut. Ins. Co., 285 N.E.2d 849, 854 (N.Y. 1972)...................................... 9

Grand Gen. Stores v. Royal Indem. Co., 93 Civ. 3741 (CSH), 1994 U.S. Dist. LEXIS 5251
  (S.D.N.Y. Apr. 15, 1994)................................................................................................ 9

H&H Envtl. Sys. v. Evanston Ins. Co., 2019 U.S. Dist. LEXIS 39700, *19, 2019 WL 1129434
  (W.D.N.Y. March 12, 2019) .......................................................................................... 7

Home Ins. Co. v. Am. Home Products Corp., 75 N.Y.2d 196, 203–04 (N.Y. 1990) ...................... 9

L7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011). ....................................... 3

N. Shore Bottling Co. v. C. Schmidt & Sons, Inc., 22 N.Y.2d 171 (1968) ................................. 10

Paterra v. Nationwide Mut. Fire Ins. Co., 831 N.Y.S.2d 468, 507–08 (2d Dep't 2007)................. 7

Reads Co., LLC v Katz, 72 A.D.3d 1054, 1057, 900 N.Y.S.2d 131, 134, 2010 N.Y. App. Div.
  LEXIS 3365, *6, 2010 NY Slip Op 3425, 2 (2d Dept. 2010 .................................... 11

Reynolds v. Pegler, 123 F. Supp. 36, 38 (S.D.N.Y. 1954), aff'd, 223 F.2d 429 (2d Cir. 1955).)... 9

Rich v. New York Cent. & H.R.R. Co., 87 N.Y. 382, 382 (1882) ............................................... 10

Riordan v. Nationwide Mut. Fire Ins. Co., 756 F. Supp. 732, 742 (S.D.N.Y. 1990) .................. 14

Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47, 56 (2d Cir. 1992). ................................ 9

Sparks v. Fels, 26 N.Y.S.3d 920 (4th Dept. 2016). ............................................................................. 9

Ticheli v. Travelers Ins. Co., 2014 U.S. Dist. LEXIS 192504, *2 (N.D.N.Y. December 23, 2014) ................................................................................................................................. 10, 11

Walker v. Sheldon, 179 N.E.2d 497 (1961) ................................................................................ 10

Zabas v. Kard, 194 A.D.2d 784, 784 (App. Div. 2nd Dept. 1993 ..................................................... 9

**Statutes**

FRCP R. 12(b)(6) ............................................................................................................................ 3

N.Y. Ins. Law § 2601 (2018). ........................................................................................................ 9

**Preliminary Statement**

This Memorandum of Law is submitted on behalf of Plaintiffs and in opposition to the motion by Defendant, State Farm Fire and Casualty Company (hereinafter referred to as "Defendant") to dismiss Plaintiffs' Second (Declaratory Judgment) and Third Causes of Action (Punitive Damages and Breach of the Covenant of Good Faith). Plaintiffs oppose Defendant's motion as it relates to the Third Cause of Action in Plaintiff's Complaint, but consent to the dismissal of the Second Cause of Action (for declaratory judgment), as redundant of the First Cause of Action (for breach of contract).

**Statement of Facts**

Plaintiffs purchased a homeowner's policy (hereinafter the "Insurance Policy") through Defendant for 442 Flower Avenue East, Watertown, New York 13601 (hereinafter the "Property"), which Plaintiffs operated as a rental property. See Plaintiffs' Complaint ("Comp") at ¶¶ 1, 10. The Insurance Policy, which is a fairly standard insurance policy,, covered losses incurred by Plaintiffs for the Property, the dwelling, other structures, personal property, loss of use, and other losses for a total of $584,160.00. Comp. ¶ 12. Plaintiffs paid an annual premium of $1,014.00 in exchange for coverage under the Insurance Policy. Comp. ¶ 14. Plaintiff Stephanie Converse took responsibility for most of the day-to-day operations and management of the Property.

While the Insurance Policy was in effect, on December 8, 2019, a fire broke out at the Property, which caused serious fire damage (Comp. ¶ 16) and Plaintiffs incurred losses, as set forth in the Complaint Subsequently, the Watertown fire department issued a report that confirmed that the cause of the fire was "unintentional" and was caused due to a cigarette that

1

was inadvertently thrown into the trash by a tenant. Comp. ¶ 18. There were no other human factors contributing to the fire. Comp. ¶ 24.

Plaintiffs then filed a claim with Defendant for coverage under the Insurance Policy, as was their legal right to file a claim per the annual premium Plaintiffs paid. Comp. ¶ 19. Based on the Insurance Policy, Plaintiffs cooperated with Defendant in the claim investigation. Comp. ¶¶ 20, 21.  During Defendant's investigation, Defendant had access to both the police and fire reports regarding the fire and Plaintiffs' subsequent claim that indicated that there was no intent or human intervention that caused the fire. Comp. ¶ 24.

After Defendant took over 10 months to deny Plaintiffs' claim, with no end in sight, Plaintiffs filed a complaint with the Department of Financial Services on October 2, 2020. Comp. ¶ 51. On October 7, 2020, Defendant denied Plaintiffs' claim under the Insurance Policy and notified Plaintiff by the letter attached as Exhibit C to Complaint.  The very next day, October 8, 2020, Defendant filed its response to the Department of Financial Services Complaint (Exhibit E to the Complaint) with the Department of Financial Services, which Plaintiffs allege contained intentional misrepresentations about Plaintiffs and their claim (Comp. @ ¶ 52). Plaintiffs further allege that the Department of Financial Services declined prosecution of Defendant's violations of Insurance Law § 2106 because of the intentional misrepresentations by Defendant in its letter of October 8, 2020.  See Comp at ¶ 53 and Exhibit E.

Plaintiffs' First and Second Causes of Action are based on the decision by Defendant to deny Plaintiffs' claim under the Insurance Policy, which decision is manifested in the October 7, 2020 denial letter to Plaintiffs (Exhibit C to Complaint).  Plaintiffs' Third Cause of Action is based on the conduct of the Defendant toward Plaintiffs and the Department of Financial

Services during and immediately after the claim investigation process for the fire on the Property, which is manifested in the October 8, 2020 letter to the Department of Financial Services (Exhibit E to the Complaint).

**Standard of Law**

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In assessing the plausibility of the plaintiff's complaint, "the complaint is to be construed liberally, and all reasonable inferences must be drawn in the plaintiff's favor." Desiano v. Warner-Lambert Co., 326 F.3d 339, 347 (2d Cir. 2003). The court should only dismiss a complaint when it appears that the plaintiff will be unable to prove the set of facts in support of the complaint that would entitle plaintiff to relief. Id.

"[The] complaint must contain sufficient factual matter" that it presents "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009)(citing Twombly, 550 U.S. at 570.).   The purpose of a 12(b)(6) motion, is to test the sufficiency of the facts without resolving the contest based on the claim's substantive merits. Glob. Network Commun., Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006). This requires "assess[ing] the legal feasibility of the complaint" without weighing the evidence that is offered to support the complaint. Id. The complaint may be supported by "any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." L7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011).

## Argument

Plaintiffs have demonstrated a viable and separate claim against Defendants for a breach of the covenant of good faith and fair dealing and for punitive damages in the Complaint. Defendants' argument adopts an unreasonably rigid and narrow interpretation of Plaintiff's Complaint, which must be denied in light of the liberal interpretation required by a Rule 12 motion in this Court.

### I. Plaintiffs' Second Cause of Action is Withdrawn

Since Plaintiffs' First Cause of Action is not the subject of this motion and asks for the same relief of the Second Cause of Action, Plaintiffs hereby withdraw the Second Cause of Action.

### II. Plaintiff's Third Cause of Action alleges and demonstrates a right to relief far above the minimum "speculative level."

Defendant's motion to dismiss ostensibly sets forth a viable, well-supported legal standard for this Court to dismiss Plaintiff's Third Cause of Action; however, Defendant mischaracterizes Plaintiffs' Complaint to fit Plaintiff's claim into the proffered legal standard.  More specifically, Defendant's motion makes two fundamentally flawed mischaracterizations.  First, Defendant's motion wrongfully interprets the choice of language in Plaintiff's Third Cause of Action to be two separate causes of action.  Second, Defendant's motion inaccurately conflates the factual basis for the First Cause of Action with the factual basis for the Third Cause of Action to make it seem the Complaint seeks duplicate causes of action.   Once these mischaracterizations are removed from the Court's analysis, denying the instant motion to dismiss is inevitable, even if Plaintiff's Complaint is measured against the legal standard stated in Defendant's motion (see page 6 of MOL, Dkt # 8-3).

> A. *Plaintiff's Third Cause of Action is a viable claim for a Breach of the Covenant of Good Faith and Fair Dealing*

Plaintiff's Third Cause of Action in the Complaint is titled "PUNITIVE DAMAGES AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING" and in paragraphs 46 through 55, Plaintiffs make allegations that Defendant acted in a manner that both breaches the implied covenant of good faith and fair dealing and also warrants the award of punitive damages, under New York Law.

Since the well-established standard of reading a complaint in the instant FRCP Rule 12(b)(6) motion is to accept all facts as true and to apply a liberal interpretation of Complaint, it would be improper for the Court to characterize or categorize Plaintiff's Complaint in the rigid, boiler-plate manner stated in Defendant's Memorandum of Law.  Plaintiff's Third Cause of Action demonstrates a viable cause of action under New York law for a breach of the covenant of good faith and fair dealing and for punitive damages because Defendants unreasonably delayed payment of the claim and then deliberately misled the New York State Department of Financial Services ("DFS") to cover up Defendant's violations of Insurance Law §2601 during the investigation and handling of Plaintiff's claim.  See also §II(C) below.  Again, this claim is separate and apart from the First Cause of Action, which disputes the denial of the underlying claim.  (See also §II(B)below).

As noted in the Complaint and skillfully raised in Defendant's Memorandum of Law, the New York statutory scheme leaves little room in which Plaintiffs can seek relief for the damages caused by Defendant's October 8, 2020 letter to the DFS and other conduct by Defendant that was deceptive or in bad faith.

Moreover, Plaintiffs are painfully aware of the limited judicial precedent or established definition to the claim presented to this Court in the instant Complaint.   Insurance Law §2601 protects consumers for "unfair claims settlement practices," which Plaintiffs allege occurred during the investigation and handling of the underlying claim but does not provide any private cause of action for violations.  So, for example, Insurance Law §2601(4) defines one particular "unfair claim settlement practice" as:

> not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear, except where there is a reasonable basis supported by specific information available for review by the department that the claimant has caused the loss to occur by arson. After receiving a properly executed proof of loss, the insurer shall advise the claimant of acceptance or denial of the claim within thirty working days;

The properly executed proof of loss was submitted in March 2020, but the denial of the claim did not occur until October 7, 2020, well beyond the 30 days required by law and there was no reasonable basis to allege that the loss occurred by arson.  So, Defendant lied to the DFS by accusing Stephanie Converse of committing arson in its October 8, 2020 letter. The direct result of the Defendant's lie was that DFS declined to take any action or investigation (Exhibit F of Complaint), so Defendant escaped any responsibility for violating the law and Plaintiffs, who were the victims of an "unfair claims settlement practice," are left without any recourse or redress for the damages set forth in ¶ 35 of the Complaint.

Therefore, the Third Cause of Action is a claim for consequential and punitive damages to Plaintiffs based on the intentionally deceptive acts by Defendant in violation of Plaintiffs' rights and in breach of the covenant of good faith and fair dealing.

B.  *Plaintiff's First and Third Causes of Action are not based on the same facts*

Under New York law, where a plaintiff's breach of contract claims for insurance coverage and a breach of the implied covenant of good faith and fair dealing are both pled and based upon the same facts, then New York does not recognize two separate causes of action. Paterra v. Nationwide Mut. Fire Ins. Co., 831 N.Y.S.2d 468, 507–08 (2d Dep't 2007). However, the fact that the claims are merely related, does not make the claims duplicative and subject to dismissal. Id. In insurance contracts, just as in all contracts, implicit is a covenant of good faith and fair dealing. Dist. Lodge 26, Intern. Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp., 610 F.3d 44, 54 (2d Cir. 2010). Therefore, Plaintiffs can maintain two separate, but related, causes of action for both breach of contract and for a breach of the implied covenant of good faith and fair dealing, so long as they are not based upon the same facts.

Fortunately, this Court has guidance from the recent 2019 decision from the Western District of New York, which held the following:

> The Court finds Plaintiff has sufficiently alleged a claim for breach of the covenant of good faith and fair dealing in addition to a breach of contract claim. Plaintiff alleges that Defendants breached the covenant of good faith and fair dealing by, among other things, "delaying payment of the insurance proceeds due and owed Plaintiff under the Policies;" "failing to conduct a timely, fair, complete and proper investigation of Plaintiff's Claims and to make a timely determination of said Claims;" and "leaving Plaintiff without sufficient resources to maintain its business[.]" (Dkt. 1 at 16, ¶ 44). Plaintiff alleges consequential damages arose from Defendants' breach of the covenant of good faith and fair dealing—specifically. Plaintiff alleges consequential damages in the form of "additional loss of business income, extra expenses, debt, and attorneys' fees in suing to obtain coverage." (Dkt. 1 at 14, ¶ 25).

H&H Envtl. Sys. v. Evanston Ins. Co., 2019 U.S. Dist. LEXIS 39700, *19, 2019 WL 1129434 (W.D.N.Y. March 12, 2019)

Plaintiffs' First Cause of Action is based on the incorrect denial of Plaintiffs' claim under the Insurance Policy, which is a breach of contract. The three stated reasons for the denial of the claim, as stated in the October 7, 2019, letter was: (1) "false testimony under oath[1]," (2) "untimely proof of loss," and (3) "making material representations in the presentation of your claim[1]." Thus, Plaintiff's First Cause of Action, can be limited to the dispute regarding the above three factual assertions and/or contractual interpretations that Defendant used to justify denying coverage under the Insurance Policy. Notably the First Cause of Action is based on the conduct of Stephanie Converse between February and March of 2020, when she submitted her proof of loss forms and submitted to a so-called "Examination Under Oath."

Comparatively, the Third Cause of Action alleges that Defendant engaged in deceptive, self-serving, and other bad faith conduct in investigating or handling the underlying claim in violation of Plaintiff's rights. Specifically, the October 8, 2020 letter to DFS is the most obvious evidence of the Defendant's egregious conduct directed towards Plaintiffs, which occurred months after the allegedly untimely proof of loss and misrepresentations by Stephanie Converse. Moreover, ¶ 35 of the Complaint alleges specific consequential damages attributable to the Defendants' handling of the claim.

The sets of facts supporting the First and Third Causes of Action are based on different people, doing different things, at different times, and for different reasons. Moreover, the allegations of Defendant's conduct in support of the Third Cause of Action are neither necessary nor sufficient to establish a valid First Cause of Action for the breach of contract in denying the insurance claim. Therefore, there are two separate causes of action based on two separate sets of

---

[1] Plaintiffs have not been advised by Defendant of the specific allegations of "false testimony under oath" or "material misrepresentations" by Stephanie Converse.

8

facts seeking different types of damages, the only common thread between the two causes of action is the underlying contractual relationship between Plaintiffs and Defendant. As such, the branch of Defendant's motion, which seeks to dismiss Plaintiff's Third Cause of Action as "redundant" should be denied.

    C.  *Plaintiffs assert a viable cause of action for Punitive Damages*

Under New York Law "[P]unitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tortfeasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or are activated by evil or reprehensible motives. Zabas v. Kard, 194 A.D.2d 784, 784 (App. Div. 2nd Dept. 1993). The purpose of punitive damages is to serve as "warnings" and a deterrent to both the tortfeasor and others which is "expressive of the community attitude towards one who [acts] wilfully and wantonly." Home Ins. Co. v. Am. Home Products Corp., 75 N.Y.2d 196, 203–04 (N.Y. 1990) (*citing* Reynolds v. Pegler, 123 F. Supp. 36, 38 (S.D.N.Y. 1954), aff'd, 223 F.2d 429 (2d Cir. 1955)).es are allowable where the action of the Defendant illustrates "a high degree of moral culpability, "mere carelessness", or "willful, wanton negligence or recklessness." Sparks v. Fels, 26 N.Y.S.3d 920 (4th Dept. 2016). Insurance Law § 2601 is not a complete bar to any lawsuit, nor punitive damages. *See* N.Y. Ins. Law § 2601 (2018); *see also* Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47, 56 (2d Cir. 1992), certified question withdrawn, 984 F.2d 69 (2d Cir. 1993). If there is a showing of "an extraordinary showing of a disingenuous or dishonest failure to carry out a contract" then an award of punitive damages may be granted for insurance law claims. Gordon v. Nationwide Mut. Ins. Co., 285 N.E.2d 849, 854 (N.Y. 1972); *see also* Grand Gen. Stores v. Royal Indem. Co., 93 Civ. 3741 (CSH), 1994 U.S. Dist. LEXIS 5251 at *15 (S.D.N.Y. Apr. 15, 1994).

More specifically, this Court has analyzed similar questions of law and established that the necessary elements required for a plaintiff to recover punitive damages against an insurer are:

> (1) defendant's conduct must be actionable as an independent tort;
>
> (2) the tortious conduct must be of the egregious nature set forth in Walker v. Sheldon, 179 N.E.2d 497 (1961);
>
> (3) the egregious conduct must be directed to plaintiff; and
>
> (4) it must be part of a pattern directed at the public generally.

Ticheli v. Travelers Ins. Co., 2014 U.S. Dist. LEXIS 192504, *2 (N.D.N.Y. December 23, 2014)

1. **Actionable as an Independent Tort:**

Punitive damages are allowable against an insurer where Plaintiff establishes the necessary elements. New York U., 662 N.E.2d at 767. An independent tort is actionable where a party engages in conduct outside the contract but intended to defeat the contract, its extraneous conduct may support an independent tort claim. Id. (*citing* N. Shore Bottling Co. v. C. Schmidt & Sons, Inc., 22 N.Y.2d 171 (1968); Rich v. New York Cent. & H.R.R. Co., 87 N.Y. 382, 382 (1882)).

Here, Plaintiffs assert that Defendant's conduct in handling Plaintiffs' claim was unfair, malicious and Defendant's conduct was purposeful as to defeat the Insurance Policy. Specifically, but without limiting the full extent of the Defendant's conduct before discovery, Defendant knowingly made a false accusation that Stephanie Converse committed arson in their October 8, 2020, letter to DFS. Defendant's extraneous actions resulted in defeating the

Insurance Policy, or at least defeating the protections afforded to Plaintiffs under New York law by manipulating DFS to avoid accountability for violations of Insurance Law § 2601. Accordingly, Defendant's conduct rises to the level of an independent tort.

2. **Tortious Egregious Conduct**

This Court has interpreted New York law to define egregious conduct as "a fraud evincing a high degree of moral turpitude, and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations, and where the conduct was aimed at the public generally." Ticheli v. Travelers Ins. Co., 2014 U.S. Dist. LEXIS 192504, (NDNY 2014) *citing* Reads Co., LLC v Katz, 72 A.D.3d 1054, 1057, 900 N.Y.S.2d 131, 134, 2010 N.Y. App. Div. LEXIS 3365, *6, 2010 NY Slip Op 3425, 2 (2d Dept. 2010).  In researching this matter, Plaintiffs could not locate any binding precedent to hold that intentional misrepresentations to a state regulatory agency to escape accountability for violating consumer protection regulations constitutes "egregious conduct" for the purposes of punitive damages.  However, Defendant's conduct appears to be the quintessential example of a criminal indifference (intentional misrepresentations) to civil obligations (violating consumer protection regulations), and where the conduct was aimed at the public generally (state regulatory agency).

Here, Plaintiffs' claim was more than a denial of an insurance claim or even dishonesty in denying such claim.  In fact, as of the date of this memorandum, Plaintiffs have no direct knowledge that the October 7, 2020 denial letter contains intentional misrepresentations, like the October 8, 2020 letter; Plaintiffs' Complaint only alleges that the factual and legal conclusions in the October 7, 2020 are incorrect and denial was not allowed under the Insurance Policy.  On the

other hand, the Third Cause of Action is based on Defendant's blatant lies to DFS to cover up its violations of Insurance Law § 2601.

Since the allegations in the Complaint are assumed to be true for the purposes of the instant motion, the allegation that the Defendant lied to avoid financial penalties and accountability to the DFS should be sufficient to demonstrate this element of a punitive damages claim. However, using only the documents included in the Complaint, the egregiousness of Defendant's lies can be demonstrated plainly. First, Defendant claims that the "fire department reports fire cause is incendiary, suspicious or unknown." Exhibit B to the Complaint shows this statement is demonstrably untrue; the cause was known and identified to be an unintentional ignition from a resident disposing a cigarette into "rubbish, trash, waste," which included "paper."

Second, Defendant's reasons given for the denial would not justify a special investigation or an 8-month delay in making a decision on coverage because they denied the coverage for completely different reasons. The only non-illegal explanation available for Defendant would be to accuse, or at least fabricate a "reasonable belief" that, Stephanie Converse committed arson. So, to avoid scrutiny from the DFS for its clear and obvious violations of Insurance Law § 2601, Defendant conjured up humiliating, but vague, accusations of misrepresentations, false statements under oath, financial or marital troubles, or "suspicious causes" in a fire report in the October 8, 2020, letter. Plus, this 8-month long investigation conveniently ended immediately after Stephanie Converse complained of the unlawful delays by Defendants. Notably, neither the October 7 nor October 8 letters mention any fact that was not already available to Defendants in March 2020 before the "special" investigation occurred, assuming that Defendants did actually perform such an investigation.

Therefore, Plaintiffs have alleged sufficient "egregious conduct" to warrant punitive damages.

3. **Egregious Conduct was Directed Toward Plaintiffs.**

Here, the conduct was directed at Plaintiff. Defendant's lies to the Department of Financial Services were in responses to Plaintiffs' complaint filed with the Department. These lies were about Plaintiffs and to avoid accountability for violating the consumer protection laws in the Insurance Law. Accordingly, the egregious conduct was directed toward Plaintiffs.

To make a demonstration of the gross inequality of position that give Defendant an advantage over Plaintiff, had Plaintiff made the same unsupported allegation of "financial troubles" contained in Defendant's October 8, 2020 letter, it may be considered a misdemeanor under the Insurance Law § 109 because Insurance Law § 2604 provides :

> No person shall … wilfully make, circulate or transmit to another any statement written, printed or by word of mouth, which is untrue in fact and is directly or by inference derogatory to the financial condition, or affects the solvency or financial standing, of any insurer doing business in this state.

Lastly, while Plaintiff alleges that the intentional misrepresentations by Defendant to DFS were mostly calculated to protect its own interests, Plaintiff's rights under the consumer protection standards under the Insurance Law were violated and not addressed by DFS.

4. **Pattern Directed at public generally**

The Southern District of New York has permitted punitive damages to survive a Motion to dismiss under Rule 12 where there are sufficient allegations that the denial of claim was by the

implementation of an illegal policy or practice. <u>Riordan v. Nationwide Mut. Fire Ins. Co</u>., 756 F. Supp. 732, 742 (S.D.N.Y. 1990), aff'd in part, question certified, 977 F.2d 47 (2d Cir. 1992), certified question withdrawn, 984 F.2d 69 (2d Cir. 1993). While Plaintiff's allege specific illegal or unlawful polices in this matter (violations of Insurance Law § 2601), it is important to note that the basis for Plaintiff's Third Cause of Action is not just that it was damaged by an unlawfully delayed claims decision, but that the Defendants forced this suit to happen by not taking accountability for its unlawful delays with the DFS.

In the light most favorable to Plaintiffs, the Complaint has alleged facts sufficient to award Plaintiffs punitive damages. Plaintiffs claim for punitive damages allege that Defendant acted in a manipulative, deceitful, and with a willful disregard for the rights of Plaintiffs and others when denying Plaintiffs claim and when reaching out to the Department of Financial Services. Plaintiffs have suffered damages at the hands of Defendant based on their denial of the fire loss claim, and by dishonestly insinuating to the Department of Financial Services that Plaintiffs' fire and ultimate denial of their claim was due to a suspicious nature of the fire, which as the reports show, is entirely untrue.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss Plaintiffs' second and third causes of action should be denied because Plaintiffs' claims are not duplicative of each other as they result from different facts and circumstances that adequately allow Plaintiffs to recover punitive damages.

_____
Ryan L. McCarthy, Esq.

Dated and Affirmed: June , 2021
Syracuse, New York