UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RICHARD CONVERSE
STEPHANIE CONVERSE,

       Plaintiffs,

       -against-

STATE FARM FIRE AND CASUALTY
COMPANY,

       Defendant.
-----------------------------------------------------------X

Civil Action No. 5:21-cv-457 (TJM/ATB)

# **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION TO DISMISS**

Rivkin Radler LLP
*Counsel for Defendant,*
*State Farm Fire & Casualty Company*
926 RXR Plaza
Uniondale, New York 11556
Michael.Troisi@rivkin.com
(516) 357-3000

*Of Counsel:*

Michael A. Troisi, Esq.
(MT 2002)

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

    I.    PLAINTIFFS' THIRD CAUSE OF ACTION ALLEGING BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED. .................................. 2

    II.    PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES FAILS AS A MATTER OF LAW AND MUST BE DISMISSED. .................................................................. 6

CONCLUSION ............................................................................................................................ 8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of New York,
 10 N.Y.3d 187, 856 N.Y.S.2d 505 (2008) ................................................................................5

Cross v. State Farm Ins. Co.,
 No. 3:10-CV-1179, 2011 WL 4916534 (N.D.N.Y. Oct. 17, 2011) .......................................2, 7

Dahlinger v. First Am. Specialty Ins. Co.,
 No. 119CV0020LEKTWD, 2020 WL 1511261 (N.D.N.Y. Mar. 30, 2020) .........................5, 6

H&H Env't Sys., Inc. v. Evanston Ins. Co.,
 No. 6:18-CV-06315 EAW, 2019 WL 1129434 (W.D.N.Y. Mar. 12, 2019) .............................6

Harris v. Provident Life & Accident Ins. Co.,
 310 F.3d 73 (2d Cir. 2002) ........................................................................................................2

Metro. Prop. & Cas. Ins. Co. v. Sarris,
 No. 115CV0780LEKDJS, 2017 WL 3252812 (N.D.N.Y. July 28, 2017) ................................3

New York Univ. v. Continental Ins. Co.,
 87 N.Y.2d 308 (1995) ...............................................................................................................6

Orraca v. Pilatich,
 No. 9:05CV1305, 2008 WL 4443274, at *6 (N.D.N.Y. Sept. 26, 2008) ..................................7

Rocanova v. Equitable Life Assur. Soc. of U.S.,
 83 N.Y.2d 603, 612 N.Y.S.2d 339 (1994) ................................................................................7

Ticheli v. Travelers Ins. Co.,
 No. 1:14-CV-00172, 2014 WL 12587066 (N.D.N.Y. Dec. 23, 2014) ......................................6

Young Men's Christian Ass'n of Plattsburgh v. Philadelphia Indem. Ins. Co.,
 No. 18-cv-0565(LEK)(DJS), 2018 WL 6267923 (N.D.N.Y. Nov. 30, 2018) ...........................2

## PRELIMINARY STATEMENT

Defendant State Farm Fire and Casualty Company ("State Farm") respectfully submits this Reply Memorandum of Law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), for an Order dismissing the third cause of action in Plaintiffs Stephanie and Richard Converse's ("Plaintiffs") Complaint, as well as their demand for punitive damages and attorneys' fees.[1]

Plaintiffs' third cause of action should be dismissed because they cannot identify any tortious conduct upon which to base their allegations that State Farm violated the covenant of good faith and fair dealing. In opposition to State Farm's motion, Plaintiffs posit that a letter written by State Farm in response to Plaintiffs' complaint submitted to the New York State Department of Financial Services (the "DFS complaint") constitutes a breach of the covenant of good faith and fair dealing. But this is simply not the case. Plaintiffs fail to articulate how State Farm's response to the DFS complaint after their claim had been denied could somehow qualify as independent tortious conduct necessary to allege a violation of the covenant of good faith and fair dealing. Moreover, in making their argument, Plaintiffs grossly mischaracterize the contents of State Farm's representations to the DFS, further evidencing that their claim is not viable. Ultimately, because Plaintiffs' boilerplate allegations regarding State Farm's purported mishandling of the claim are substantively indistinguishable from the factual allegations underlying their breach of contract cause of action, the third cause of action should be dismissed.

Likewise, Plaintiffs have failed to allege facts sufficient to entitle them to punitive damages. In addition to the fact that Plaintiffs' Complaint clearly seeks to remedy a private wrong rather than vindicate a public right, Plaintiffs again attempt to hang their argument for punitive

---

[1] State Farm's original motion sought dismissal of the second cause of action. Plaintiff's opposition, however, concedes that the second cause is subject to dismissal and makes no arguments in opposition to that portion of defendant's motion.

damages upon the mischaracterized response from State Farm to the DFS complaint. Because Plaintiffs' claim for punitive damages is ultimately devoid of any allegation that State Farm engaged in intentional wrongdoing, egregious conduct, or acted with reckless disregard for Plaintiffs' rights, this claim should be dismissed as well.

Finally, Plaintiffs' memorandum does not respond to State Farm's argument that the claim for attorneys' fees should be dismissed. By failing to oppose State Farm's argument, Plaintiffs implicitly concede that they are not entitled to attorneys' fees in this matter, and the claim for such fees should be dismissed.

For these reasons, as set forth more fully below, the instant motion should be granted.

I. **PLAINTIFFS' THIRD CAUSE OF ACTION ALLEGING BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED.**

Although Plaintiffs now attempt to argue otherwise, the third cause of action alleging that State Farm violated the covenant of good faith and fair dealing is based upon nothing more than the denial of Plaintiffs' insurance claim and should be dismissed accordingly.

In New York, there is no separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled. See Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002); see also Young Men's Christian Ass'n of Plattsburgh v. Philadelphia Indem. Ins. Co., No. 18-cv-0565(LEK)(DJS), 2018 WL 6267923, at *6 (N.D.N.Y. Nov. 30, 2018). To allege a breach of the implied covenant of good faith and fair dealing the complaint must plead "an underlying, independent tort sufficient to support a claim that the insurer engaged in egregious conduct directed to Plaintiff and which was part of a pattern directed to the public generally." Cross v. State Farm Ins. Co., No. 3:10-CV-1179, 2011 WL 4916534, at *2 (N.D.N.Y. Oct. 17, 2011).

In response to State Farm's motion to dismiss Plaintiffs' breach of the duty of good faith claim as duplicative of their breach of contract claim, Plaintiffs allege that the third cause of action is distinct insofar as it alleges that State Farm "engaged in deceptive, self-serving, and other bad faith conduct in investigating or handling the underlying claim in violation of Plaintiffs' rights." See Plaintiffs' Memorandum of Law in Opposition, at 8. As evidence of this conduct, Plaintiffs allege that State Farm made misleading statements in a post-claim denial letter response to their DFS complaint. However, to the extent that Plaintiffs' allegations amount to anything other than generalized, boilerplate allegations asserting that their claim was wrongfully denied, Plaintiffs' cannot maintain an independent claim for breach of the duty of good faith and fair dealing.

As State Farm previously noted in its motion, Insurance Law § 2601 does not provide for a private right of action. See Metro. Prop. & Cas. Ins. Co. v. Sarris, No. 115CV0780LEKDJS, 2017 WL 3252812, at *14 (N.D.N.Y. July 28, 2017). Although Plaintiffs appear to concede this point, they nonetheless point to the definition found in Insurance Law § 2601(4) as evidence of the type of "unfair claims practices" State Farm engaged in during the wrongful denial of their claim. Thus, by their own admission, Plaintiffs' third cause of action is nothing more than an improper attempt to hold State Farm liable for violating a regulation under which there is no private right of action as a matter of law.

Plaintiffs' third cause of action also fails insofar as it grossly mischaracterizes State Farm's response to the DFS complaint, which is the only alleged evidence that Plaintiffs rely on to support State Farm's alleged deceptive conduct. State Farm's response letter, annexed to Plaintiffs' Complaint as Exhibit "E," merely states the basis for State Farm's investigation and denial of Plaintiffs' claim. Clearly, by its express terms, the DFS response letter makes no statement that Stephanie Converse committed arson; nor could it, because State Farm did not deny the claim on

3

that basis as is evident from the denial letter. See State Farm Denial Letter, annexed to Plaintiffs' Complaint as Exhibit "C." Plaintiffs repeatedly call the statements in State Farm's response letter "lies" (Plaintiffs' Memo. of Law in Opp., at 12, 13), but repetition does not make that allegation true. The DFS response letter speaks for itself and states:

> Our investigation of Ms. Converse's claim revealed, among other things, that shortly before the fire she had written a letter to a friend of hers offering him $5,000 to burn the insured residence.[2]
>
> After a thorough evaluation of the claim, please be advised that a claim decision was made this week to deny Ms. Converse's claim in its entirety. The reasons for the denial include:
>
> - Our investigation has revealed that Ms. Converse breached the policy's 'Your Duties After Loss' cooperation requirement based upon her giving false answers in her recorded statement and false testimony under oath.
>
> - Ms. Converse has breached the policy's "Your Duties After Loss" sworn proof of loss condition by having submitted an untimely proof of loss.
>
> - Our investigation has revealed that the insured breached the policy's 'Concealment or Fraud' condition by making material misrepresentations in the presentation of her claim.

Plaintiffs have not and cannot identify any actual language in this letter that is false. The text of the post-denial letter demonstrates that Plaintiffs' general allegations that State Farm "knowingly made a false accusation that Stephanie Converse committed arson," and "conjured up humiliating, but vague, accusations of misrepresentations" are factually incorrect, contrary to Plaintiffs' own documentary submissions, and cannot stand as independent tortious conduct necessary to sustain a bad faith claim. See Plaintiffs' Memo. of Law in Opp., at 10, 12. To hold otherwise would permit a future plaintiff to bring a claim for punitive damages against his or her insurer for merely

---

[2] Although not determinative of this motion, Ms. Converse's letter to her friend shortly before the fire offering him money to burn the residence was sufficient, by itself, to warrant an investigation of her fire loss claim, and if the third cause of action remains, will be sufficient evidence to defeat that claim at the appropriate time.

4

responding to, and defending itself against, a DFS complaint alleging unfair claims handling practices in connection with that particular insured's claim. Given that Plaintiffs' entire opposition is predicated on their misstatements concerning the content of State Farm's DFS response letter, they have failed to articulate a legal or factual basis – even giving the Complaint every possible inference – to sustain their third cause of action.

Lastly, to the extent that Plaintiffs now argue that this conduct supports a claim for "consequential" damages, this argument also fails. See Plaintiffs' Memo. of Law, at 6, 8. Although Plaintiffs' memorandum of law conflates the two, the difference between consequential and punitive damages is well established. "Consequential damages, designed to compensate a party for reasonably foreseeable damages, must be proximately caused by the breach and must be proven by the party seeking them" whereas punitive damages "are not measured by the pecuniary loss or injury of the plaintiff as a compensation but are assessed by way of punishment to the wrongdoer and example to others." Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of New York, 10 N.Y.3d 187, 193–94, 856 N.Y.S.2d 505, 509 (2008) (internal quotation marks and citations omitted). Here, Plaintiffs rely on conduct which occurred *after* the claim was denied which cannot support a claim for consequential damages. Moreover, a claim for consequential damages must plead "specific facts capable of showing that consequential damages, beyond the limits of the Homeowner's Policy, were reasonably contemplated by the parties" at the time of contracting. Dahlinger v. First Am. Specialty Ins. Co., No. 119CV0020LEKTWD, 2020 WL 1511261, at *4 (N.D.N.Y. Mar. 30, 2020) (quoting Ripka v. Safeco Ins., No. 5:14-CV-1442, 2015 WL 3397961, at *6 (N.D.N.Y. May 26, 2015)). But Plaintiffs have pleaded no facts beyond boilerplate allegations that State Farm's claims handling procedures led to reasonably foreseeable damage. Therefore, if Plaintiffs' complaint can be read as seeking consequential damages, they have failed

to plead the elements necessary to sustain that claim and cannot otherwise demonstrate entitlement to consequential damages in connection with their bad faith claim.

Ultimately, the gravamen of Plaintiffs' bad faith cause of action (and the irrelevant DFS complaint) is the same as their breach of contract cause of action; that State Farm wrongfully denied the claim. It is well settled that a bad faith cause of action predicated upon the same conduct as the alleged underlying breach of contract cannot stand. See Dahlinger, No. 119CV0020LEKTWD, 2020 WL 1511261, at *4 (Holding that the plaintiff failed to adequately plead bad faith where "the allegations in the Complaint suggest a run-of-the-mill breach of contract, rather than the bad faith necessary to state a claim for consequential damages"). Therefore, Plaintiffs' third cause of action must be dismissed.[3]

## II. PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES FAILS AS A MATTER OF LAW AND MUST BE DISMISSED.

Plaintiffs' claim for punitive damages must be dismissed for this same reasoning. As Plaintiffs correctly note, a claim for punitive damages must allege that (i) the defendant engaged in conduct that is actionable as an independent tort; (ii) the alleged tortious conduct was of an egregious nature; (iii) the egregious conduct was directed at the plaintiff; and (iv) the egregious conduct was part of a pattern directed at the public generally. See New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 315 (1995). Where the pleading cannot satisfy any one of these four elements, the claim for punitive damages must be dismissed. See Ripka, No. 5:14-CV-1442, 2015

---

[3] Plaintiffs' reliance on H&H Env't Sys., Inc. v. Evanston Ins. Co., No. 6:18-CV-06315 EAW, 2019 WL 1129434, at *7 (W.D.N.Y. Mar. 12, 2019), is misplaced. There, the plaintiff's claim for breach of the duty of good faith and fair dealing asserted consequential damages for, among other things, loss of additional business income, which Plaintiffs have not and cannot plead here. Moreover, that court also dismissed the plaintiff corporation's claims for bad faith and punitive damages on grounds similar to those asserted by State Farm here.

WL 3397961, at *6 (Dismissing the punitive damages claim where allegations "focused on a private insurance dispute over the proper payment of a claim under the Homeowner's Policy").

Here, Plaintiffs cannot meet any of the four abovementioned requirements, much less all four, because State Farm has not engaged in any tortious conduct. As stated above, State Farm's letter response to Plaintiffs' DFS complaint by its express terms does not contain any "willful and intentional misrepresentations," and cannot stand as actionable independent tortious conduct upon which to base a claim for punitive damages. See Ticheli v. Travelers Ins. Co., No. 1:14-CV-00172, 2014 WL 12587066, at *4 (N.D.N.Y. Dec. 23, 2014) (striking plaintiff's punitive damages claim in first-party insurance action where plaintiff failed to allege intentional tort). Moreover, even if State Farm's response to Plaintiffs' DFS complaint could somehow qualify as tortious conduct, which it cannot, Plaintiffs have not and cannot plead "facts supporting a plausible claim of wrongdoing directed at the public at large." Cross, No. 3:10-CV-1179, 2011 WL 4916534, at *3. Finally, to the extent Plaintiffs now claim that they can and have pled a stand-alone cause of action for punitive damages, they have not, nor can they as a matter of law in New York. See Pls. Mem. of Law, at 6; See also Rocanova v. Equitable Life Assur. Soc. of U.S., 83 N.Y.2d 603, 616, 612 N.Y.S.2d 339, 345 (1994) ("A demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action such as fraud").

Accordingly, Plaintiffs' claim seeking punitive damages should be dismissed.[4]

---

[4] As noted, Plaintiffs' memorandum does not respond to State Farm's argument that the claim for attorneys' fees should be dismissed. Therefore, Plaintiffs' failure to oppose State Farm's argument should be treated as a waiver of their ability to oppose the dismissal of attorneys' fees as State Farm's motion papers plainly satisfy the modest "facially meritorious" standard. Orraca v. Pilatich, No. 9:05CV1305, 2008 WL 4443274, at *6 (N.D.N.Y. Sept. 26, 2008).

## **CONCLUSION**

For the reasons set forth herein, State Farm respectfully requests that this Court issue an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the third cause of action of Plaintiffs' Complaint, as well as their demands for punitive damages and attorneys' fees, along with such other and further relief as this Court may deem just and proper.

Dated: Uniondale, New York
June 18, 2021

                                              Respectfully submitted,

                                              RIVKIN RADLER LLP
                                              *Counsel for Defendant State Farm*
                                              *Fire and Casualty Company*

                                              By: /s/ *Michael A. Troisi*
                                              Michael A. Troisi (MT 2002)
                                              926 RXR Plaza
                                              Uniondale, New York 11556-0926
                                              Telephone:   (516) 357-3000
                                              Facsimile:    (516) 357-3333

TO:    Ryan L. McCarthy, Esq.
         WESTFALL LAW PLLC
         *Counsel for Plaintiffs*
         247 W. Fayette Street, Suite 203
         Syracuse, New York 13202
         RMCCarthy@WestfallLaw.com
         (315) 412-0440