**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
————————————————————————

**RICHARD CONVERSE, and**
**STEPHANIE CONVERSE,**

                          **Plaintiffs,**

        **v.**                                              **5:21-CV-457**
                                                            **(TJM/ATB)**


**STATE FARM FIRE AND CASUALTY**
**COMPANY,**

                          **Defendant.**
————————————————————————

**THOMAS J. McAVOY,**
**Sr. U. S. District Judge**

## DECISION & ORDER

        Before the Court is Defendant Sate Farm Fire and Casualty Company's ("State

Farm") motion to dismiss. See dkt. # 8.  The parties have briefed the issues and the Court

will decide the motion without oral argument.

**I.      BACKGROUND**

        This case concerns a dispute over insurance coverage.  Plaintiffs Richard Converse

and Stephanie Converse contend that State Farm violated a contract between the parties

to insure rental property the Plaintiffs owned in Watertown, New York.  See Complaint

("Complt."), dkt. # 2, at ¶ 1.  That property burned on December 8, 2019, and Plaintiffs

contend that State Farm has refused to pay their valid claim for the proceeds of their

insurance policy.

Plaintiffs filed a Complaint in the Supreme Court of Jefferson County, New York, on March 22, 2021.  See id.  The Complaint raises three causes of action.  Count One alleges breach of contract.  Count Two seeks a declaratory judgment.  Count Three alleges a breach of the covenant of good faith and fair dealing.  Plaintiffs seek compensatory and punitive damages, along with attorneys fees.

Defendants removed the case to this Court.  See dkt. # 1.  They then filed the instant motion to dismiss, which seeks dismissal of Counts Two and Three, as well as any claim for punitive damages or attorneys fees.  Plaintiffs oppose the motion, and the parties have briefed the issues, bringing the case to its present posture.

## II.    LEGAL STANDARD

Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  In addressing Rule 12(b)(6) motions, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor."  Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009).  This tenet does not apply to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).  In considering a motion to dismiss, a court's "review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."  McCarthy v. Dun & Bardstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).

2

### III.   ANALYSIS

Defendant seeks dismissal on several grounds, which the Court will address in turn.

#### A.   Declaratory Judgment and Attorney's Fees

Defendant seeks dismissal of Plaintiffs' declaratory judgment claim.  Plaintiffs concede that they cannot maintain a claim for declaratory judgment when they have an appropriate remedy in a breach-of-contract claim.  The Court will grant the motion on that basis.

Plaintiffs do not respond to that portion of Defendant's motion that seeks dismissal of any claim to attorneys fees.  Courts have found that a failure to offer any argument opposing a motion to dismiss is tantamount to abandoning those claim.  See Brandon v. City of New York, 705 F.Supp.2d 261, 268 (S.D.N.Y. 2010), and the cases collected therein.  As a general matter, federal courts disfavor awarding fees to the prevailing party unless "unusual circumstances" exist.  Faraci v. Hickey-Freeman Co., 607 F.2d 1025, 1028 (2d Cir. 1979).  Since Plaintiffs have offered no opposition to this portion of the motion and thus appear to have abandoned that claim, and because the general rule is not to award such fees, the Court will grant the motion in this respect as well.

#### B.   Good Faith and Fair Dealing

The parties disagree about whether Plaintiffs can maintain a claim for breach of the covenant of good faith and fair dealing.  "'Under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is a breach of the underlying contract.'" Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 80 (2d Cir. 2002) (quoting Fasolino Foods Co. v. Banca Nazionale del Lavoro, 961 F.2d 1052,

1056 (2d Cir. 1992)).  "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."  Id. at 81.  Thus, "when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant."  Cruz v. Fxdirectdealer, LLC, 720 F.3d 115, 125 (2d Cir. 2013).

Plaintiffs allege that they filed an insurance claim on December 11, 2019, three days after the fire in question.  Complt. at ¶ 11.  They assisted in Defendant's investigation, including by sitting for an interview with an agent, and participating in an examination under oath.  Id. at ¶¶ 20-21.  Plaintiffs produced documents and complied with all aspects of the investigation.  Id. at ¶¶ 22-23.  Police and fire reports of the incident that gave rise to them found no "intent occurred in ignition of the fire."  Id. at ¶ 24.  The Watertown Fire Department concluded that the source of the fire was "'unintentional,'" caused by someone who  "inadvertently" threw a cigarette in the trash.  Id. at ¶ 25.  Still, "[o]n October 7, 2020, almost 11 months[1] to the day after the fire occurred, Defendant denied Plaintiffs' claim in its entirety," finding that Plaintiffs had breached the policy's terms in three way.  Id. at ¶ 26.

With respect to their Contract Claim, Plaintiffs allege that:

37.  Upon information and belief Defendant breached the terms of the contract (the insurance policy) with Plaintiffs by denying coverage for the losses sustained by Plaintiffs because of the December 8, 2019 fire.
38.  Plaintiffs fully cooperated with Defendant in their investigation of the claims, the Proof of Loss Forms, the Examination under Oath, and all other requests made by Defendant to Plaintiffs.
39.  The reasons for the denial (see Exhibit C) are spurious and unsupported by

---

[1]The Court notes that December 8, 2019 to October 7, 2020 is nearly ten months, not nearly eleven months.

any evidence.

40      Therefore, Defendant has breached its contract with Plaintiff[.]

Id. at ¶¶ 37-41.

Plaintiffs allege that their good faith and fair dealing claim "relates to Defendant's

conduct in processing Plaintiff [Stephanie Converse's] claim under the policy." Complt. at ¶

48. They raise a separate good faith and fair dealing claim "for [Defendant's] handling of

the claims submitted by Plaintiffs and conduct surrounding this [sic] claims that

demonstrates a willful disregard for Plaintiff's [sic] rights." Id. at ¶ 47. Plaintiffs allege that

"as with any other insured on an insurance contract," they "relied on the representations of

Defendant that they would process and handle claims fairly and without malice," and that

Defendant breached this promise. Id. at ¶ 49.    They further allege that[2]:

50.     . . . . Plaintiffs understand that there is no private cause of action under N.Y.
        Ins. Law ¶ 2601(a).  However, Plaintiff[s], and any other insured on an
        insurance contract, were assured that Defendant would not process claims in
        violation of law and stated public policy in New York State.
51.     Plaintiff [sic] has tried to avail itself of the protections of the New York
        Department of Financial Services, for clear and wanton violations of N.Y. Ins.
        Law § 2601 by Defendant in processing of the claims herein.  Plaintiff[s]
        submitted the following complaint form attached hereto as Exhibit D.
52.     Upon information and belief, Defendant made willful and intentional
        misrepresentations about Plaintiffs to the New York Department of Financial
        Services in response to the complaint filed by Plaintiff.  A copy of the letter
        from Defendant to the New York Department of Financial Services is
        attached hereto as Exhibit E.
53.     Upon information and belief, the New York Department of Financial Services
        declined to take any action for the clear and obvious violations because of
        the willful and intentional misrepresentations made by Defendant about
        Plaintiff.  The New York Department of Financial Services' Correspondence
        declining action is attached hereto as Exhibit F.
54.     While the legislative intent behind Insurance Law § 2601 and its restriction of

---

[2]Plaintiffs are inconsistent in their use of "plaintiff" or "plaintiffs" throughout their
Complaint.  The Court has used brackets to alter some usages where it appeared that the
use of a singular or plural was a mistake.

> private causes of action is legitimate, permitting Defendant, or other insurance companies, to manipulate the executive branch through manipulation serves to undermine that legitimate legislative intent and the clear public policy goals of the statute. In particular, Plaintiffs, or other insureds who are subject to illegal claims handling processes in New York, ought to have some recourse for wrongs done to them.

Id. at ¶¶ 51-54.

The Court finds that the breach-of-contract claim and the good-faith-and-fair-dealing claim are based on the same set of facts. In their contract claim, as shown above, Plaintiffs allege that the they suffered a loss that the insurance contract covered, they made a claim, and that Defendant denied that claim without reason. Their good-faith-and-fair-dealing claim likewise alleges that Defendant denied a valid claim. That claim also adds facts about the length of time it took the Defendant to deny the claim and the improper basis for the denial. That is a complaint about the claims process and the decision to deny the claim. Both claims rely on the same set of facts.

Plaintiffs also point to a consumer claim they filed with the State of New York about Defendant's conduct, and allege that Defendant made untrue allegations in responding to the claim.[3] While Plaintiffs may claim that Defendant harmed them by repeating allegations that Plaintiffs misrepresented facts about the claim, Plaintiffs also admit that they initiated the process that led to the investigation and that no private right of action exists for such a complaint. The documents they include indicate that Defendant merely repeated the results of their claims investigation to the State. Plaintiffs do not contend they

---

[3] Plaintiffs' Complaint contains both Defendant's letter denying coverage and Defendant's response to their state-agency claim. See Exh. C to Plaintiffs' Complaint, dkt. # 8-2; Exh. E to Plaintiffs' Complaint, dkt. # 8-2. Defendant offered more detail in responding to the agency inquiry than in the denial letter, but offered the same grounds in each.

suffered any measurable harm as a result of Defendant's response.  Thus, even if these allegations represented some version of facts unnecessary to the contract claim, Plaintiffs have not alleged any conduct in this respect that harmed them.

The Court will therefore grant the motion in this respect as well.

### C.   Punitive Damages

Finally, Defendant seeks to dismiss Plaintiffs' claim for punitive damages.  The only claim that remains here is a contract claim.  In New York, "[p]unitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights." Rocanova v. Equitable Life Assur. Soc'y, 83 N.Y.2d 603, 613 (N.Y. 1994).  Still "where the breach of contract also involves a fraud evincing a 'high degree of moral turpitude' and demonstrating 'such wanton dishonesty as to imply a criminal indifference to civil obligations', punitive damages are recoverable if the conduct was 'aimed at the public generally." Id. (quoting Walker v. Sheldon, 10 NY2d 401, 404-405 (NY 1961)).  A party may obtain punitive damages "where the conduct constituting, accompanying, or associated with the breach of contract is first actionable as an independent tort for which compensatory damages are ordinarily available, and is sufficiently egregious under the *Walker* standard to warrant the additional imposition of exemplary damages." Id.

Plaintiffs here have alleged that Defendant breached the contract.  They have also alleged that Defendant waited nearly ten months to deny their claim, did so for improper reasons, and may have told a State agency some of the facts the Defendant alleged led to denying the claim.  None of that conduct is the sort of egregious conduct aimed at the

public that would permit punitive damages on a contract claim.  The Court will grant the motion in this respect as well.

## IV.    CONCLUSION

For the reasons stated above, Defendant's motion to dismiss, dkt. # 8, is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: March 31, 2022

Thomas J. McAvoy
Senior, U.S. District Judge

8