UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD CONVERSE and STEPHANIE CONVERSE,   Docket No. 5:21-cv-457
(TJM/ATB)

    Plaintiffs,

  -against-   **ANSWER**

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

------------------------------------------------------------X

Defendant, STATE FARM FIRE AND CASUALTY COMPANY ("Defendant" or "State Farm"), by and through its attorneys, Rivkin Radler LLP, respectfully submits the following, upon information and belief, as and for its Answer to Plaintiffs, RICHARD CONVERSE and STEPHANIE CONVERSE'S ("Plaintiffs") Complaint, filed March 22, 2021 ("Complaint"):

## ANSWERING PRELIMINARY STATEMENT

Denies each and every allegation contained in the "Preliminary Statement" of Plaintiffs' Complaint.

## ANSWERING PARTIES

1. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "1" of Plaintiffs' Complaint.

2. Denies each and every allegation contained in paragraph "2" of Plaintiffs' Complaint, except admits that State Farm maintains its principal place of business at One State Farm Plaza, Bloomington, Illinois 61710.

## ANSWERING JURISDICTION AND VENUE

3. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "3" of Plaintiffs' Complaint and respectfully refers all questions of law to the Court.

4. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "4" of Plaintiffs' Complaint and respectfully refers all questions of law to the Court.

5. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "5" of Plaintiffs' Complaint, except admits that it issued a policy of insurance to Plaintiffs.

6. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "6" of Plaintiffs' Complaint and respectfully refers all questions of law to the Court.

7. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "7" of Plaintiffs' Complaint and respectfully refers all questions of law to the Court.

8. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "8" of Plaintiffs' Complaint.

9. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "9" of Plaintiffs' Complaint and respectfully refers all questions of law to the Court.

## ANSWERING BACKGROUND

10. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "10" of Plaintiffs' Complaint, except admits that State Farm issued a policy of insurance to Plaintiffs and respectfully refers to the policy for its precise terms, conditions, exclusions, endorsements, and limits of liability.

11. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11" of Plaintiffs' Complaint.

12. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of Plaintiffs' Complaint and respectfully refers to the policy for its precise terms, conditions, exclusions, endorsements, and limits of liability.

13. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "13" of Plaintiffs' Complaint and respectfully refers to the policy for its precise terms, conditions, exclusions, endorsements, and limits of liability.

14. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "14" of Plaintiffs' Complaint and respectfully refers to the policy for its precise terms, conditions, exclusions, endorsements, and limits of liability.

15. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15" of Plaintiffs' Complaint and respectfully refers to the policy for its precise terms, conditions, exclusions, endorsements, and limits of liability.

16. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16" of Plaintiffs' Complaint.

17. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "17" of Plaintiffs' Complaint.

18. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "18" of Plaintiffs' Complaint.

19. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "19" of Plaintiffs' Complaint, except admits that Plaintiffs filed a claim.

20. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "20" of Plaintiffs' Complaint and respectfully refers to the policy for its precise terms, conditions, exclusions, endorsements, and limits of liability.

21. Denies each and every allegation contained in paragraph "21" of Plaintiffs' Complaint, except admits that Plaintiffs submitted to Examinations Under Oath.

22. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "22" of Plaintiffs' Complaint.

23. Denies each and every allegation contained in paragraph "23" of Plaintiffs' Complaint.

24. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "24" of Plaintiffs' Complaint.

25. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "25" of Plaintiffs' Complaint.

26. Denies each and every allegation contained in paragraph "26" of Plaintiffs' Complaint and respectfully refers to the October 7, 2020 letter for its precise contents.

27. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "27" of Plaintiffs' Complaint.

**ANSWERING DAMAGES**

28. Denies each and every allegation contained in paragraph "28" of Plaintiffs' Complaint.

29. Denies each and every allegation contained in paragraph "29" of Plaintiffs' Complaint, except admits that State Farm made a payment to the mortgagee and respectfully refers to the policy for its precise terms, conditions, exclusions, endorsements, and limits of liability.

30. Denies each and every allegation contained in paragraph "30" of Plaintiffs' Complaint, and respectfully refers to the policy for its precise terms, conditions, exclusions, endorsements, and limits of liability.

31. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "31" of Plaintiffs' Complaint.

32. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "32" of Plaintiffs' Complaint, and respectfully refers to the policy for its precise terms, conditions, exclusions, endorsements, and limits of liability.

33. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "33" of Plaintiffs' Complaint and respectfully refers to the policy for its precise terms, conditions, exclusions, endorsements, and limits of liability.

34. Denies each and every allegation contained in paragraph "34" of Plaintiffs' Complaint and respectfully refers to the policy for its precise terms, conditions, exclusions, endorsements, and limits of liability.

35. Denies each and every allegation contained in paragraph "35" of Plaintiffs' Complaint.

**ANSWERING THE FIRST CAUSE OF ACTION FOR**
**BREACH OF CONTRACT**

36. Defendant repeats and reiterates each and every response heretofore made in regard to each and every allegation made in paragraphs "1" through "35" of Plaintiffs' Complaint, with the same force and effect as though more fully set forth at length herein.

37. Denies each and every allegation contained in paragraph "37" of Plaintiffs' Complaint.

38. Denies each and every allegation contained in paragraph "38" of Plaintiffs' Complaint.

39. Denies each and every allegation contained in paragraph "39" of Plaintiffs' Complaint.

40. Denies each and every allegation contained in paragraph "40" of Plaintiffs' Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT

41. This cause of action was dismissed pursuant to Judge Thomas McAvoy's Decision and Order, dated March 31, 2022. Accordingly, no response is required. If a response is required, State Farm denies each and every allegation set forth in paragraphs "41", "42", "43", "44" and "45" of Plaintiffs' Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION FOR PUNITIVE DAMAGES AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

42. This cause of action was dismissed pursuant to Judge Thomas McAvoy's Decision and Order, dated March 31, 2022. Accordingly, no response is required. If a response is required, State Farm denies each and every allegation set forth in paragraphs "46", "47", "48", "49", "50", "51", "52", "53", "54" and "55" of Plaintiffs' Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. Plaintiffs' Complaint fails to state a claim upon which relief can be granted as a matter of law against Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44. There is no coverage under the policy for Plaintiffs' claimed losses.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45. Plaintiffs are barred from recovery by the doctrines of laches, waiver, estoppel and unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46. Plaintiffs are precluded from recovery, in whole or in part, due to their failure to comply with one or more conditions in the policy.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**47.** Plaintiffs are barred from recovery in whole or in part due to their breach and/or violation of one or more of the terms and conditions of the policy.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48. Plaintiffs are precluded from recovery due to their failure to take appropriate steps to avoid and/or mitigate the alleged damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims are barred, in whole or in part, to the extent that interested, required, necessary and/or indispensable parties have not been joined in this action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

50. Any coverage available to Plaintiffs under the policy is subject to the policy's terms, conditions, limitations, exclusions, endorsements and policy limits.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

51. Plaintiffs are precluded from recovery, and Defendant has no obligation to provide coverage or indemnify them, due to Plaintiff Stephanie Converse's fraudulent conduct and concealment and misrepresentations of material facts relating to the losses alleged in the Complaint. In this regard, the policy of insurance contains the following conditions:

### SECTION I AND SECTION II CONDITIONS

**2. Concealment or Fraud.** We do not provide coverage for an **insured** who, whether before or after a loss, has:

a. intentionally concealed or misrepresented any material fact or circumstance; or

b. engaged in fraudulent conduct;

relating to this insurance.

52. The fraudulent conduct and concealment and misrepresentations of material facts committed by Plaintiff Stephanie Converse violated the foregoing policy conditions, which precludes coverage for the losses alleged in the Complaint. Accordingly, Defendant has no liability to Plaintiffs.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

53. Upon information and belief, Plaintiff Stephanie Converse made material misrepresentations, and concealed material facts in statements made to Defendant and its representatives during the course of its investigation and at her Examination Under Oath. These acts by Plaintiff Stephanie Converse also violated those policy conditions relating to Concealment or Fraud, which preclude coverage for the losses alleged in the Complaint. Accordingly, Defendant has no liability to Plaintiffs.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

54. If Plaintiffs did sustain any loss or damages as alleged, which Defendant expressly denies, then all such loss or damages were caused, in whole or in part, or were contributed to by reason of the acts, omissions, wrongs, carelessness, negligence, want of care, and/or culpable conduct of Plaintiffs.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

55. Plaintiffs' action is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

56. Defendant specifically reserves the right to assert, at a later date, any and all affirmative defenses not asserted herein, which further investigation and discovery may prove viable against Plaintiffs.

WHEREFORE, Defendant State Farm Fire and Casualty Company demands judgment dismissing Plaintiffs' Complaint herein in its entirety, along with such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
April 7, 2022

                RIVKIN RADLER LLP

                *Attorneys for Defendant State Farm Fire & Casualty Company*

By:   /s/ *Michael P. Welch*

                Michael P. Welch (MPW 7995)
                926 RXR Plaza
                Uniondale, NY 11556-0926
                (516) 357-3443
                RR File No.: 10660-70006

TO:   Ryan L. McCarthy, Esq.
        WESTFALL LAW PLLC
        Attorney for Plaintiffs
        247 W. Fayette Street, Suite 203
        Syracuse, New York 13202
        RMCCarthy@WestfallLaw.com