Exhibit "6"



ROY A. MURA
SCOTT D. STORM
KRIS E. LAWRENCE
JERRY MARTI
SCOTT D. MANCUSO
RYAN M. MURA
BRENDAN S. BYRNE

# MURA & STORM
930 RAND BUILDING
14 LAFAYETTE SQUARE
BUFFALO, NEW YORK 14203
(716) 855-2800
(716) 855-2816 (FAX)
www.muralaw.com
nycoveragecounsel.blogspot.com

LEGAL ASSISTANT
DOREEN A. WATSON

TRACEY J. EPSTEIN
Of Counsel

January 2, 2020

**OVERNIGHT MAIL &
EMAIL TO SJCONVERSE29@GMAIL.COM**

Ms. Stephanie J. Converse
3910 Preserve Way
Estero, FL 33928

Re:   Named Insured:    **Stephanie J. Converse**
      Policy No.:       **32-BS-T435-1**
      Claim No.:        **52-03L1-48Z**
      Loss Date:        **December 8, 2019**
      Loss Location:    **442 Flower Avenue East, Watertown, NY**
      Our File No.:     **9015**

Dear Ms. Converse:

As you know, this office represents State Farm Fire and Casualty Company ("State Farm") in relation to your claim for a fire loss that is reported to have occurred at and to 442 Flower Avenue East, Watertown, New York on December 8, 2019.

Further investigation is necessary for State Farm to reach a decision as respects your claim. The subject insurance policy provides that, in the event of a loss, State Farm may require you to answer questions under oath and produce certain records and information.

Pursuant to the applicable conditions of the above-numbered insurance policy, you are hereby requested to attend an examination under oath and to produce the documents and records listed below. An unexcused failure to attend the examination under oath as scheduled or produce the items requested may result in the loss of your rights under the subject insurance policy.

The policy of insurance under which your claim has been made provides in pertinent part as follows:

# MURA & STORM, PLLC

Ms. Stephanie J. Converse
January 2, 2020
Page 2

## SECTION I – CONDITIONS

2. **Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:

   c. prepare an inventory of damaged or stolen personal property:

      (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

      (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

   d. as often as *we* reasonably require:

      (1) exhibit the damaged property;

      (2) provide us with any requested records and documents and allow *us* to make copies;

      (3) while not in the presence of any other *insured*:

         (a) give statements; and

         (b) submit to examinations under oath; and

      (4) produce employees, members of the *insured's* household, or others for examination under oath to the extent it is within the *insured's* power to do so; and

   e. submit to *us*, within 60 days after the loss, *your* signed, sworn proof of loss that sets forth, to the best of *your* knowledge and belief:

      (1) the time and cause of loss;

      (2) interest of the *insured* and all others in the property involved and all encumbrances on the property;

      (3) other insurance that may cover the loss;

      (4) changes in title or occupancy of the property during the term of this policy;

# MURA&STORM, PLLC

Ms. Stephanie J. Converse
January 2, 2020
Page 3

    (5) specifications of any damaged structure and detailed estimates for repair of the damage;

    (6) an inventory of damaged or stolen personal property described in 2.c.; [and]

    (7) receipts for additional living expenses incurred and records supporting the fair rental value loss[.]

State Farm previously informed you of its decision to request that you attend an examination under oath, and I understand you have expressed a preference to have that examination under oath conducted in Florida. Having not heard back from you in response to my email to you of December 31, 2019 and voice message to you of January 2, 2020 requesting your availability, **I have scheduled your examination under oath for next Thursday, January 9, 2020 beginning at 10:00 a.m. at Accurate Reporting, 1601 Jackson Street, Suite 103, Fort Myers, Florida.**

This will be an informal proceeding to ask you questions under oath regarding the loss and your claim. The examination under oath may be lengthy, so please make no other plans or appointments for that day.

Pursuant to the above-quoted conditions of the subject policy of insurance regarding your duties in the event of a loss, and in connection with your scheduled examination under oath, please produce the following items for inspection and copying at your examination under oath:

1. A copy of the current deed to the loss location.

2. A copy of your mortgage for the loss location and copies of any loan application papers, statements, notices and correspondence relating to that mortgage.

3. Copies of any documents reflecting payments made in 2019 on and the current principal balance of that mortgage loan.

4. Copies of all invoices, bills, estimates, receipts, cancelled checks, contracts or other documents showing any improvements or maintenance done to the insured premises before the reported loss, together with the names, addresses and telephone numbers of the suppliers or contractors from whom materials or services were purchased.

5. Copies of any written estimates for demolishing, repairing or rebuilding the insured premises after the reported loss.

# Mura & Storm, PLLC

Ms. Stephanie J. Converse
January 2, 2020
Page 4

      6.     Copies of any and all real estate appraisals of the insured premises made either before or after the reported loss.

      7.     Copies of all correspondence or materials received from or sent to any real estate sales broker or agent during the past eight (8) years (since 2012) with respect to the insured premises or any other real property owned individually or jointly by you.

      8.     Copies of all utility bills relating to the insured premises for the months of March through December 2019, inclusive.

      9.     Copies of the 2019 monthly statements of any bank or financial account statements or records that reflect: (a) income received for the rental of the insured premises; and (2) payment of the mortgage loan and other expenses for the insured premises.

      10.    Complete copies of your monthly cellular telephone statements, including all call and text details, for the months September through December 2019, inclusive.

      11.    Copies of any investigation reports in your possession or under your control related to the reported loss at the insured premises.

      12.    Any notices or correspondence sent to or received from the following within three (3) years before the reported loss in relation to the insured premises:

          a.    any zoning, code enforcement or public health official;
          b.    any tax or tax collection official;
          c.    any other public entity;
          d.    any mortgage holder, lienor or judgment creditor;
          e.    any insurance company, including State Farm Fire and Casualty Company.

      13.    A complete list of any judgments, liens or tax liens against you or against any property owned by you during the three (3) years immediately preceding the reported loss.

      14.    Copies of any legal papers naming you, any business you own or any representative of yours as a party, served by or on you since January 1, 2016.

      15.    Copies of any and all documents which you believe may support your claim or the claimed valuation of the personal property items claimed and the real property which was damaged or destroyed.

# Mura&Storm, pllc

Ms. Stephanie J. Converse
January 2, 2020
Page 5

      16.    Copies of all documents, records, photographs, slides and/or videos describing or showing the pre-loss and/or post-loss condition of the insured premises.

      17.    Complete copies of your 2017, 2018 and 2019 federal income tax returns, with all attachments, schedules and addenda.

      18.    Copies of any written statements provided to the police or other municipal authorities about the reported loss.

      19.    Copies of all text messages sent to or received from any of your tenants during the period August 1, 2019 through December 31, 2019, inclusive.

      20.    The <u>original</u>, completed and executed "Authorization", "Sworn Statement in Proof of Loss", and "Personal Property Inventory Customer Worksheet" forms that Julio Loarca of State Farm sent to you on December 11, 2019. If you are unable to provide these completed and executed forms by next Thursday, January 9, 2020, State Farm reserves its rights to continue your examination under oath at another session after you have submitted them.

      21.    Copies of any other documents or records that you believe may support your claim.

      All these requests include those items in your joint or separate possession, as well as in the possession of your relatives, agents, employees and/or representatives. If you are unable to provide the requested itemization of your claim, or any of the requested documentation, please contact me upon your receipt of this letter as it may become necessary to conduct your examination under oath over the course of more than one session, once the required information and materials are received. State Farm is, however, willing and intends to proceed with your examination under oath even if you are not able to produce the requested materials by next Thursday.

      Upon your receipt of this letter, please email (roy.mura@muralaw.com) or call me at (716) 570-5338 to confirm your receipt of this letter and that you will be attending your examination under oath as scheduled. If I do not hear back from you by close of business on Monday, January 6, 2020, State Farm will presume you are both available for and will attend your examination under oath as scheduled. If you are unable to attend your examination under oath as scheduled, you must notify me of that by this coming Monday and the examination under oath will be rescheduled to an available date and time.

      Please be advised that a failure to attend your examination under oath or to produce the information and documents requested in this letter or to timely complete and return the Sworn Statement in Proof of Loss form for the reported loss may result in the loss your rights under the above-numbered insurance policy. Please be further advised that State

# Mura&Storm, PLLC

Ms. Stephanie J. Converse
January 2, 2020
Page 6

Farm Fire and Casualty Company specifically reserves all rights and defenses which it may have at law or under the terms of the policy. By scheduling and/or proceeding with your examination under oath and/or by requesting that you produce other documents and records to substantiate your claim, State Farm does not waive any other policy conditions or obligations of yours.

        Thank you for your anticipated immediate attention to and cooperation in this matter. If you have any questions about this letter, please do not hesitate to call me. I look forward to receiving your call or email.

Very truly yours,

Mura&Storm, PLLC

*[signature]*

Roy A. Mura

RAM/me

cc: State Farm Fire and Casualty Company