UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

RICHARD CONVERSE and STEPHANIE CONVERSE,

                Plaintiff,

-against-

STATE FARM FIRE AND CASUALTY COMPANY,

                Defendant.

-----------------------------------------------------------X

Docket No. 5:21-cv-457

**DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS IN DISPUTE**

    State Farm Fire and Casualty Company ("State Farm") submits this response to Plaintiffs' Statement of Additional Material Facts in Dispute:

    1.    Plaintiff, Stephanie Converse, stated during interviews and testified at her examination under oath and deposition, that she did not cause the fire on the Property. Specifically, Plaintiff, Stephanie Converse, has stated or testified:

    A.    The fire was caused by a "cigarette from the tenant that burned the, that – when she was smoking in the house." See, Aff. of Jorge Oro, Exh. A., p. 16;

    **State Farm Response:** Undisputed that Plaintiff Stephanie Converse has stated that the fire was caused by a "cigarette from the tenant that burned the, that – when she was smoking in the house."

    B.    That Joseph Pelton did not cause the fire, even though Plaintiff had requested him to do so. After the fire occurred, in a phone conversation between Plaintiff and Joseph Pelton, Joseph Pelton told Plaintiff, "Stephanie, I didn't do it. I, seriously, I swear I did not do it." See, Aff. of Jorge Oro, Exh. A, p. 18;

**State Farm Response:** Undisputed that Plaintiff Stephanie Converse told the Florida detectives that Joseph Pelton stated to her that "Stephanie, I didn't do it. I, seriously, I swear I did not do it." The cause of the fire, however, is "undetermined after investigation." *See* ECF Doc. No. 38-13 (amended fire report). Arson has not been ruled out as a cause of the fire, nor has Stephanie Converse been cleared of any involvement based on her letter of November 8, 2019 requesting that her friend set the fire in exchange for $5,000 in insurance proceeds. *See* ECF Doc. No. 38-20 (November 8th letter).

C. Plaintiff, Stephanie Converse, was showing the downstairs apartment to potential tenants after the letter of November 8, 2019 and prior to the fire on December 8, 2019. See, EUO Trans. of Stephanie Converse, p. 58;

**State Farm Response:** Disputed. *See* Doc. 38-7, p. 55:21-57:17.

D. In a phone conversation with the upstairs tenant, Larkin Harvey, subsequent to the fire, the tenant told Plaintiff, "I'm pretty sure it was – when I came up from the basement there was a can near the garbage, and I thought I put it out." See, EUO Trans. of Stephanie Converse, p. 108;

**State Farm Response:** Undisputed that Plaintiff Stephanie Converse testified that her tenant, Larkin Harvey, stated to her "I'm pretty sure it was – when I came up from the basement there was a can near the garbage, and I thought I put it out."

E. Between November 8, 2019 and February 19, 2020, Plaintiff, Stephanie Converse was not the State of New York. Plaintiff testified, "...going in February to surprise my mother for her birthday on February 20th, which I did." See, EUO Trans. of Stephanie Converse, p. 76;

**State Farm Response:** This statement is not a short and concise statement of material fact and is otherwise unintelligible. Accordingly, no response is required. If a response is required, State Farm does not dispute that

>
> Stephanie Converse was in Florida on or about January 2, 2020 when she gave her recorded statement to Florida detectives. State Farm also does not dispute that Stephanie Converse testified that "...going in February to surprise my mother for her birthday on February 20th, which I did."
>
> State Farm has no other information concerning Stephanie Converse's whereabouts between November 8, 2019 and February 19, 2020 and she is left to her proof.
>
> F. On the date of the fire on December 8, 2019, Plaintiff, Stephanie Converse, was located in the State of Florida. She testified, "...like I mentioned earlier, I was at brunch with coworkers...". See, EUO Trans. of Stephanie Converse, p. 80.
>
> **State Farm Response:** This statement is not a short and concise statement of material fact, and thus no response is required. If a response is required, State Farm does not dispute that Stephanie Converse testified that "...like I mentioned earlier, I was at brunch with coworkers..."
>
> State Farm has no other information concerning Stephanie Converse's whereabouts between November 8, 2019 and February 19, 2020 and she is left to her proof.

2. The alleged inconsistent statements made by Plaintiff, Stephanie Converse, do not meet the show intent of fraudulent conduct against State Farm. Plaintiff, Stephanie Converse, stated during interviews or testified at her examination under oath and deposition that she was shocked and upset both prior to and after the fire, as follows:

> A. "...that was out of being like purely upset..." and "because of dealing with, you know, one of my tenants downstairs, and doing the eviction process with her..." and because "she was not paying me." See, Aff. of Jorge Oro, Exh. A, p. 7;
>
> **State Farm Response:** This statement is not a short and concise statement of material fact and is otherwise unintelligible. This statement also calls for

a legal conclusion. Accordingly, no response is required. If a response is required, State Farm does not dispute that Stephanie Converse told Florida detectives "...that was out of being like purely upset..." and "because of dealing with, you know, one of my tenants downstairs, and doing the eviction process with her..." and because "she was not paying me."

B. "Well, obviously if I'm not getting paid...that is obviously going to affect me."

See, EUO Trans. of Stephanie Converse, p. 96;

**State Farm Response:** Undisputed that Plaintiff Stephanie Converse testified "Well, obviously if I'm not getting paid...that is obviously going to affect me."

C. "I was in a little bit of shock when I found out." See, EBT Trans. of Stephanie Converse, p. 81; and

**State Farm Response:** Undisputed that Plaintiff Stephanie Converse testified "I was in a little bit of shock when I found out."

D. "So I was upset with the tenant not paying me rent..." See, EBT Trans. of Stephanie Converse, p. 85.

**State Farm Response:** Undisputed that Plaintiff Stephanie Converse testified "So I was upset with the tenant not paying me rent..."

    3.    A question of fact exists regarding the reasonable justification of Plaintiff, Stephanie Converse, on an extension of time to submit a Proof of Loss. Specifically, a January 2, 2020 letter from Attorney Roy Mura to Plaintiff, scheduled an examination under oath of Stephanie Converse on January 9, 2002 and made twenty-one (21) requests for information and documentation. The January 2, 2020 letter did not specifically recite the due date for the sworn Proof of Loss other than including a portion of the Policy that indicated it was due "within 60

days after the loss." See, Exhibit 6 to Loarca Decl. Doc. No 38-22,. State Farm had already waived strict compliance "within 60 days after the loss," by setting its first due date for the Proof of Loss to be 70 days from the date of loss, or February 17, 2020, pursuant to their December 11, 2017 letter. Exhibit 5 to Loarca Decl. Doc. No 38-21. See also Swartz Affidavit.

> **State Farm Response:** This statement is not a short and concise statement of material fact and is otherwise unintelligible. This statement also calls for a legal conclusion. Accordingly, no response is required. If a response is required, State Farm disputes that "a question of fact exists regarding the reasonable justification of Plaintiff, Stephanie Converse, for failing to submit a timely Sworn Statement in Proof of Loss." State Farm also disputes that it waived strict compliance with the 60 day requirement to return the Sworn Statement in Proof of Loss by providing Plaintiff with an additional day days to account for mailing. *See* Doc. 38-21; 38-22; and 44-1. It is undisputed that Plaintiff Stephanie Converse was aware that her Sworn Statement in Proof of Loss was due on February 17, 2020 and failed to return it to State Farm on or before that date. *See* 38-25, ¶¶ 13-16, 25. Plaintiffs have failed not identified any documents in which State Farm waived the Policy's requirement to return the Proof of Loss within 60 days.

4.   Defendant State Farm misled Stephanie Converse regarding the deadline for the completion of the sworn Proof of Loss, by giving conflicting and unclear instructions in writing and over the phone (Exhibit 3 to Loarca Decl. Doc No. 38-19 at 19, Exhibit 5 to Loarca Decl. Doc. No 38-21, Exhibit 6 to Loarca Decl. Doc. No 38-22, Exhibit 1 to McCarthy Affirmation - Emails)

> **State Farm Response:** This statement is not a short and concise statement of material fact and is otherwise unintelligible. Accordingly, no response is required. If a response is required, State Farm disputes that it "misled Stephanie Converse regarding the deadline for the completion of the sworn Proof of Loss, by giving conflicting and unclear instructions in writing and over the phone. *See* Doc. 38-21; 38-22; and 44-1. It is undisputed that Plaintiff Stephanie Converse was aware that her Sworn Statement in Proof of Loss was due on February 17, 2020 and failed to return it to State Farm on or before that date. *See* 38-25, ¶¶ 13-16, 25. Plaintiffs have failed not identified any documents in which State Farm waived the Policy's requirement to return the Proof of Loss within 60 days.

5.      Plaintiffs complied with the Policy requirements and cooperated with the investigation by State Farm into the fire loss on the Property by participating in the EUO, providing a sworn Proof of Loss, submitting to recorded interviews, providing additional material requested by State Farm, and participating in the law enforcement investigation of the causes of the fire loss. See Stephanie.

> **State Farm Response:** This statement is not a short and concise statement of material fact and is otherwise unintelligible. Additionally, there is no citation to the record where this alleged fact is established. Accordingly, no response is required. If a response is required, State Farm disputes that Plaintiff Stephanie Converse cooperated with the investigation based on her failure to provide truthful responses during her recorded statement to Julio Loarca and during her Examination Under Oath. *See* ECF Doc. No. 38-17 (November 8th letter); *see also* ECF Doc. No. 38-10 (Stephanie Converse Dep. Tr.), at 71:4-21; ECF Doc. No. 38-14, 15 (Oro Affidavit and exhibit). Further, it is undisputed that Plaintiff Stephanie Converse failed to submit her Sworn Statement in Proof of Loss on or before February 17, 2020. *See* 38-25, ¶¶ 13-16, 25.

6.      Richard Converse has a pecuniary interest in the Property and his ownership was not "an accommodation" to any other party. His ownership is not a "wagering contract," seeking to defraud Defendant. See Richard Converse Declaration.

> **State Farm Response:** This statement is not a short and concise statement of material fact and is otherwise unintelligible. This statement also calls for a legal conclusion. Accordingly, no response is required. If a response is required, State Farm disputes that Plaintiff Richard Converse has a pecuniary interest in the Property. *See* Welch Decl., Ex. G (Richard Converse Dep. Tr.), at p. 21, 27, 31-39; *see also* Pltf. Response 56.1 (Doc. 44-9), at ¶¶ 35-49.

Dated: December 16, 2022

RIVKIN RADLER LLP

By: /s/ *Michael P. Welch*

Michael P. Welch (MW 7759)
RIVKIN RADLER LLP
*Attorneys for Defendant State Farm Fire and Casualty Company*
926 RXR Plaza
Uniondale, New York 11556

                                  Telephone:     (516) 3570-3000
                                  michael.welch@rivkin.com