UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD CONVERSE
STEPHANIE CONVERSE,

          *Plaintiff,*

-against-

STATE FARM FIRE AND CASUALTY
COMPANY,

          *Defendants.*

Civil Action No.

5:21-cv-457 (TJM/ATB)

**ATTORNEY REPLY AFFIRMATION**

---

I, Ryan McCarthy, under penalty of perjury Affirm as follows :

1. I am the attorney of record for the Plaintiffs in the above action and I make this Reply Affirmation in support of Plaintiff's motion for partial summary judgment based on the books and records of my office.

### The Sixth Affirmative Defense Must Be Dismissed

2. Defendant has, with no evidence, disputed that Richard Converse was a 50% owner at the time of loss.

3. The Deed (Doc No. ) is abundantly clear that he is a joint tenant with his sister, Stephanie Converse.

4. No facts or allegations are made by Defendant that would operate as any sale or transfer of Richard's 50% interest in the Property. Rather, Defendant's Sixth Affirmative Defense is nothing more than a mischaracterization of Stephanie's role as a property manager as indicative of a forfeiture of property rights by Richard.

5. While Stephanie Converse physically handled expenses for managing the Property (See Stephanie Converse Declaration Doc No. ), she used the profits generated from the rent to pay these expenses, not her own, personal funds.

6. Every payment by Stephanie from the rental funds towards the mortgage increased Richard's equity in the property.

7. Every payment by Stephanie from the rental funds towards taxes, insurance, or other expenses satisfied a debt or obligation owed by Richard.

### The Eighth and Ninth Affirmative Defenses Must be Dismissed

8. Defendant also admits that it lacks sufficient evidence to demonstrate its Eighth and Ninth Affirmative Defenses for alleged material misrepresentations, fraud, and/or concealment. New York law establishes that a Defendant insurer must prove these allegations with a heightened "clear and convincing" burden of proof. (See Reply Memorandum of Law).

9. While the Pelton Letter sent by Stephanie Converse certainly warrants an investigation, nothing in the three investigations (Defendant, Fired Department, Police) that followed produced any conclusions that she committed arson. In fact, the only evidence that Defendant raises to meet its significant burden is an amended Fire Department Report, which was likely changed at the insistence of Mr. Loarca or Mr. Mura, that states:

> The Cause of the fire was changed to reflect the findings of the investigation team. The original fire report had the fire listed as unintentional with a cigarette as the ignition source. While this cannot be ruled out it also cannot be confirmed.

Defendant's Response to Plaintiff's Statement of Material Facts (Doc. No. 43 at 4 and 5) and Amended Fire Report (Doc. No 38-13).

10. Plaintiff's motion provided the opportunity for Defendant to submit evidence to prove that Stephanie Converse committed arson and they have completely failed to do so. Instead, Defendant passes off "circumstantial evidence" and other implications to be sufficient to meet the "clear and convincing" standard required under New York law. Defendant strongly suggests that foul play, but they admits they cannot prove it.

11. Next, Defendant raises inconsistencies and alleged misrepresentations to imply that Stephanie Converse seems suspicious, but this is a "red herring" because they have not (and cannot) present any direct evidence that Stephanie Converse started the fire, or caused someone else to do so. See Defendant's Opposition Memorandum of Law (Doc No. 42 at 10-15).

WHEREFORE, Plaintiffs respectfully request an Order of this Court dismissing the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Affirmative Defenses alleged in Defendants Answer together with the costs and disbursements of this motion and any such other and further relief as to this Court seems just and proper.

/s Ryan L. McCarthy