UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD CONVERSE
STEPHANIE CONVERSE,

*Plaintiffs,*

-against-

STATE FARM FIRE AND CASUALTY
COMPANY,

*Defendants.*

Civil Action No.

5:21-cv-457 (TJM/ATB)

---

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Ryan L. McCarthy, Esq.
WESTFALL LAW, PLLC
Attorneys for Plaintiffs
247 W. Fayette St. Suite 203
Syracuse, New York 13207
Email: RMcCarthy@WestfallLaw.com


# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ....................................................................................................... ii

Preliminary Statement .................................................................................................................. 1

Statement of Facts ........................................................................................................................ 1

Standard of Law ........................................................................................................................... 2

Argument ...................................................................................................................................... 3

    I.        Sixth Affirmative Defense – Richard Converse's Insurable interest. ........................... 3

    II.       Eighth and Ninth Affirmative Defenses – Defendant cannot prove a fraud or material misrepresentations by Stephanie Converse ................................................................. 5

## TABLE OF AUTHORITIES

**Cases**

Christophersen v. Allstate Ins. *Co*., 34 A.D.3d 515, 516, 824 N.Y.S.2d 171, 172 (2d Dep't 2006). .................................................................................................................................... 5

Eurospark Indus. v Underwriters at Lloyds, 567 F Supp 2d 345, 363 [EDNY 2008].................... 5

F.D.I.C. v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994)................................................................... 2

Fine v. Bellefonte Underwriters Ins. Co., 758 F.2d 50, 52 (2d Cir.), cert. denied, 474 U.S. 826 [1985].......................................................................................................................... 3

Mon Chong Loong Trading Corp. v. Travelers Excess & Surplus Lines Co., No. 12-cv-6509 (CM), 2014 WL 406542, at *1 [S.D.N.Y. Jan. 30, 2014]........................................ 3, 5

Pollicino v Allstate Indem. Co., 2019 US Dist LEXIS 167716, at *37 [NDNY Sep. 30, 2019, No. 5:17-CV-824 (LEK/ATB).............................................................................................. 2

Scarola v. Ins. Co. of N. Am., 31 N.Y.2d 411, 413, 292 N.E.2d 776, 340 N.Y.S.2d 630 [1972].. 4

Varda, Inc. v. Insurance Co. of N. Am., 45 F.3d 634, 639 [2d Cir. 1995] ................................. 3, 5

**Statutes**

FRCP Rule 56 ................................................................................................................................. 1

Insurance Law § 3401 .................................................................................................................... 4

**Preliminary Statement**

This Reply Memorandum of Law is submitted on behalf of Plaintiffs' instant motion for partial summary judgment pursuant to FRCP Rule 56 on certain Affirmative Defenses raised by Defendant's Amended Answer (Doc No. 35). Specifically, Plaintiffs seek to dismiss the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Affirmative Defenses and Defendant has failed to raise any triable questions of fact for one or more elements of their affirmative defenses.

**Statement of Facts**

Defendant has, with no evidence, disputed that Richard Converse was a 50% owner at the time of loss. The Deed (Doc No. 39-8) is abundantly clear that he is a joint tenant with his sister, Stephanie Converse. No facts or allegations are made by Defendant that would operate as any sale or transfer of Richard's 50% interest in the Property. Rather, Defendant's Sixth Affirmative Defense is nothing more than a mischaracterization of Stephanie's role as a property manager for the rental investment Plaintiffs made together.

Defendant also admits that it lacks sufficient evidence to demonstrate its Eighth and Ninth Affirmative Defenses for alleged material misrepresentations, fraud, and/or concealment. New York law establishes that a Defendant insurer must prove these allegations with a heightened "clear and convincing" burden of proof. While the Pelton Letter sent by Stephanie Converse certainly warrants an investigation, none of the three investigations (Defendant, Fire Department, Police) have concluded that she committed arson. In fact, the only evidence that Defendant raises to meet its significant burden is an amended Fire Department Report, which states:

1

> The Cause of the fire was changed to reflect the findings of the investigation team. The original fire report had the fire listed as unintentional with a cigarette as the ignition source. While this cannot be ruled out it also cannot be confirmed.

Defendant's Response to Plaintiff's Statement of Material Facts (Doc. No. 43 at 4 and 5) and Amended Fire Report (Doc. No 38-13).

Plaintiff's motion was the opportunity for Defendant to submit evidence to prove that Stephanie Converse committed arson and they have utterly failed to do so. They have raised inconsistencies and alleged misrepresentations to imply that Stephanie Converse seems suspicious, but they have not (and cannot) present any direct evidence that Stephanie Converse started the fire, or caused someone else to do so.

**Standard of Law**

For all of the Affirmative Defenses subject to this motion, "Where a plaintiff uses a summary judgment motion . . . to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support [an essential element of] the [non-moving party's] case." F.D.I.C. v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994) (internal quotations omitted). "While whatever evidence there is to support an essential element of an affirmative defense will be construed in a light most favorable to the non-moving defendant, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. (internal quotations and citations omitted). Pollicino v Allstate Indem. Co., 2019 US Dist LEXIS 167716, at *37 [NDNY Sep. 30, 2019, No. 5:17-CV-824 (LEK/ATB)]

The parties here agree on the relevant standard of law for the Defendant's Eighth and Ninth Affirmative Defenses relating to fraud and concealment. To establish a breach of an insurance policy based on "concealment, misrepresentation, or fraud by the insured ..., an insurer must show that the statements in question were (1) false, (2) willfully made, and (3) material to the insurer's investigation of the claim." Mon Chong Loong Trading Corp. v. Travelers Excess & Surplus Lines Co., No. 12-cv-6509 (CM), 2014 WL 406542, at *1 [S.D.N.Y. Jan. 30, 2014] (quoting Fine v. Bellefonte Underwriters Ins. Co., 758 F.2d 50, 52 (2d Cir.), cert. denied, 474 U.S. 826 [1985]); Scott v. AIG Prop. Cas. Co., 417 F. Supp. 3d 329, 347 [S.D.N.Y. 2019]. "The insurer must prove fraud by clear and convincing evidence." Id. (quoting Varda, Inc. v. Insurance Co. of N. Am., 45 F.3d 634, 639 [2d Cir. 1995]). Plaintiffs also refer the Court to its Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (See Doc No. 44-6 at §IA), which identifies the basis for questions of fact relative to Defendant's Motion.

**Argument**

Defendant fails to raise triable questions of fact to rebut Plaintiffs' motion for summary judgment. No evidence has been presented in support of Defendant's Sixth Cause of Action, except to ask this Court to strip Richard Converse of his property rights because Stephanie Converse acted as property manager. Most notably, Defendant all but admits that it fails to meet the "clear and convincing" standard to prove Stephanie Converse committed arson and defrauded Defendant.

I.   **Sixth Affirmative Defense – Richard Converse's Insurable interest.**

Richard Converse and Stephanie Converse were jointly responsible for the expenses of the Property and they jointly benefited when the rental income was used to pay for such

expenses, it is without any doubt that both parties have a "substantial economic interest" in the Property. *See* Insurance Law § 3401. Richard Converse, admittedly does not have any insurable interest in the covered Personal Property owned by Stephanie Converse, but that does not deprive him any ownership rights he has in the Real Property, as a joint tenant. The Court of Appeals defines insurable interest as:

> In general, a person has an insurable interest in the subject matter insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination or injury by the happening of the event insured against. Great liberality is indulged in determining whether a person has anything at hazard in the subject matter of the insurance, and any interest which would be recognized by a court of law or equity is an insurable interest.

Scarola v. Ins. Co. of N. Am., 31 N.Y.2d 411, 413, 292 N.E.2d 776, 340 N.Y.S.2d 630 [1972]

Defendant's opposition to this branch of the motion for Summary Judgment relies on wanton mischaracterizations of the deposition transcripts of the Plaintiffs. Plaintiffs co-owned the Property in question and divided the responsibilities of the ownership of the Property based on their respective circumstances. See Richard Converse Declaration and Stephanie Converse Declaration ( Doc Nos. 44-7 and 44-8). At no point in either deposition did the Plaintiffs "admit to having no financial interest" or "no insurable interest" in the property. See Defendants' Opposition MOL Doc No 42 at 20. The factual basis for Defendant's opposition simply isn't true.

Furthermore, Defendant ignores the reality of a rental investment property in assuming that Stephanie Converse was solely obligated to pay the mortgage and expenses. Again, it simply isn't true. Both Plaintiffs were obligated to pay the mortgage, taxes, insurance, and other expenses, but they agreed that the rental income would pay for these expenses and that

Stephanie's role was to physically initiate or make the payments to satisfy their joint obligations. In exchange, she was entitled to keep the meager profits generated by the rental income. (See Doc Nos. 44-7 and 44-8). Also, every payment made from the rental income towards the mortgage increased the equity both Richard and Stephanie had in the Property.

Therefore, Richard Converse has an insurable interest in the property, including the rental income and equity, especially when the Court of Appeals requires the Court to construe any possible interest with "great liberality" in favor of the insured.

## II. Eighth and Ninth Affirmative Defenses – Defendant cannot prove a fraud or material misrepresentations by Stephanie Converse

For Defendant's Eighth and Ninth Affirmative Defenses to succeed at trial, it must prove fraud by "clear and convincing evidence." Varda, 45 F.3d 634, 639. Further, it must show, with the same "clear and convincing evidence" that any alleged misrepresentation certain statements were 1) false, (2) willfully made, and (3) material to the insurer's investigation of the claim. Mon Chong Loong Trading Corp. 2014 WL 406542, at *1. Furthermore, "mere false swearing by itself does not nullify the coverage." Eurospark Indus. v Underwriters at Lloyds, 567 F Supp 2d 345, 363 [EDNY 2008] citing Christophersen v. Allstate Ins. Co., 34 A.D.3d 515, 516, 824 N.Y.S.2d 171, 172 (2d Dep't 2006). A necessary element of the Eighth and Ninth Affirmative Defenses is that a fraud must have been committed; specifically here, Defendant must prove that Stephanie Converse committed arson or caused someone else to commit arson.

Defendant has utterly failed to demonstrate that Stephanie Converse committed arson or caused some other person to commit arson on December 8, 2019. At best, Defendant can point to an Amended Fire Report from the Watertown Fire Department that could not rule out or confirm Larkin Harvey's cigarette as the cause of the fire. See Doc. No 38-13. Neither the

original nor amended Fire Reports accuse Stephanie Converse or Joe Pelton of causing the fire on the Property.  (Doc Nos 38-12 and 38-13).  Yet, Defendant tries to pass of this inconclusive report as "clear and convincing" evidence of Stephanie Converse's guilt.  The bombastic and ad hominem attacks on Stephanie Converse in the remainder of Defendant's opposition serves as nothing more than a red herring to distract the Court from this fatal weakness Defendant's proof.

Since Defendants cannot prove with "clear and convincing" evidence that Stephanie Converse committed arson, its Eight and Ninth Affirmative Defenses fail as a matter of law.

## CONCLUSION

Plaintiffs respectfully request an Order of this Court dismissing the Sixth Affirmative Defense because Defendant cannot produce any evidence to justify denying coverage or limiting Richard Converse's insurable interests as a joint tenant owner of the Property. Further, Plaintiffs request an Order of this Court dismissing the Eighth and Ninth Affirmative Defenses because the Defendant cannot show, as a matter of law, that any of the statements made by Stephanie Converse were willful or material misrepresentations.  Plaintiffs also request dismissal of the Fifth and Tenth Affirmative Defenses because Defendant has not and cannot produce evidence to support these claims.  Lastly, Plaintiffs request an Order dismissing the First, Second, Third, and Seventh Affirmative Defenses to the extent they are duplicates of any previously dismissed Affirmative Defense.

/s Ryan L. McCarthy
Ryan L. McCarthy, Esq.

Dated and Affirmed:   December 16, 2022
                     Syracuse, New York